# Georgia Pacific Railway Company *v.* Ross.

## *Action for Personal Injuries.*

1. *Complaint failing to show that plaintiff was a passenger or employe.* Where a complaint against a railroad company for personal injuries fails to aver that plaintiff was either a passenger or employe, or that he had any connection with the railroad company, it will be presumed he was a trespasser.

2. *Sufficiency of complaint averring wanton and wilful negligence.* To a count in a complaint averring that "the defendant company so carelessly, negligently and recklessly moved, handled and operated a steam engine, and tender attached, that plaintiff was struck or run against by said engine and injured," and the injury is averred to have been "the result of the wanton and reckless negligence of the defendant company in the handling and moving of said engine," a demurrer on the ground that it is not averred "that the injury to plaintiff was inflicted wantonly or intentionally, and that it is shown "the defendant, if guilty of any negligence at all, was guilty of only simple negligence" was properly overruled.

4. *Railroad company not bound to maintain lookout for trespassers.* A railroad company is under no obligation to maintain a lookout in order to prevent injury to a trespasser on its road, the necessity for such a lookout having been caused by his own wrongful act, which the company was not bound to anticipate.

5. *Contributory negligence.*—To entitle a plaintiff to recover against a railroad company for personal injuries notwithstanding his own contributory negligence, it must be made to appear that defendants' employes, after discovering his peril, failed to exercise due care and diligence to avert the injury, to such an extent as to constitute wanton, reckless or intentional negligence on their part.

6. *Same; case at bar.*—Where a trespasser on a railroad bridge is run into by a train and injured the facts that the view from that point was unobstructed for 150 yards, that the train might have been stopped within 80 to 150 feet, and that the fireman was looking out of the

engine along the track towards the trespasser do not show wanton and reckless negligence, as, it would be but simple negligence, if the fireman did not see him.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action brought by the appellee against the appellant; and sought to recover damages for personal injuries sustained by the plaintiff, by being knocked from the trestle on the defendant's road; which injuries, as alleged in the complaint, were caused by the wanton and reckless negligence of the defendant.

All the facts are sufficiently stated in the opinion. There was judgment for the plaintiff, and defendant appeals.

JAMES WEATHERLY, for the appellant.

CARMICHAEL & THACH, for the appellee.

HARALSON, J.—The averment of negligence in the first count of the complaint is, that at the time specified, in the town of Stockton, "the defendant company so carelessly, negligently and recklessly moved, handled and operated a steam engine and tender attached, that plaintiff was struck or run against by said engine," and injured, and the injury he received is averred to have been "the result of the wanton and reckless negligence of the defendant company in the handling and moving of said engine," &c.

The averments of the second count are, that the engine and tender were moved "at such a high and negligent and reckless rate of speed, to-wit, 40 miles an hour, in the town aforesaid, that the plaintiff was struck by said engine with such force and violence" that he received the injuries specified, . . . "and plaintiff avers, that said injuries were the result of the wanton and reckless negligence of the defendant company in moving, handling or running said engine over and along said line of road, at such a high and reckless rate of speed aforesaid."

In neither count is it shown whether the plaintiff was a passenger or employe, or had any connection with the railroad company, and it will be presumed he was a trespasser, who can recover only for injuries caused by the reckless, wanton or intentional negligence of defendant.

The demurrer questioned the sufficiency of each of the counts, on the ground, that it was not averred in either, "that the injury to plaintiff was inflicted wantonly or intentionally, and "because the counts show that the defendant,

if guilty of any negligence at all, was guilty of only simple negligence." The complaint is not amenable to the criticism made, and the demurrer was properly overruled. *Ensley R. R. Co. v. Chewning*, 93 Ala. 24; *Birmingham Min. R. R. Co. v. Jacobs*, 92 Ala. 187; *Stringer v. Ala. Min. R. R. Co.*, 99 Ala. 397; *Glass v. M. & C. R. R. Co.*, 94 Ala. 582.

The plaintiff, it is not denied, was a trespasser on defendant's track, at the time he received his injuries. He attempted to cross a long trestle under circumstances of manifest peril to himself. The trestle was shown to have been within the yard limits of the defendant, in the village of Stockton, which is not shown to be incorporated, and not in a thickly settled or populous district of the village. On the contrary, it appears that but few people resided about there.

As such trespasser, the railroad company owed plaintiff no duty, except the exercise of reasonable care and diligence to avoid injuring him, if and when his peril became apparent to the company's employes. The company was under no obligation to maintain a special lookout in order to prevent injuring him,—the necessity for such a lookout having been caused by his own wrongful act, which the company was not bound to anticipate. *Ga. Pac. R. R. Co. v. Blanlin*, 84 Ala. 155; *Central R. R. & Bk. Co. v. Vaughan*, 93 Ala. 210; *Glass v. M. & C. R. R. Co.*, 94 Ala. 582.

To entitle such a plaintiff to recover, notwithstanding his own contributory negligence,—it must be made to appear, that the defendant's employes, after discovering his peril, failed to exercise due care and diligence to avert the injury, constituting wanton, reckless or intentional negligence on their part.

The only facts in evidence from which it could be inferred that the employes of the company knew of plaintiff's peril were, that the accident happened in the day time; that the road at that point was nearly straight, and the view unobstructed for about 150 yards above the trestle; that the engine, as the proof tended to show, might have been stopped within from 80 to 150 feet, and that the fireman on the engine was seen by a witness, at the time, to be looking out of the window of the engine, down the track towards plaintiff.

In *Nave v. The Ala. Gr. So. R. R. Co.*, 96 Ala. 264, a case very similar to this, it was held, that such facts as these do not imply a knowledge on the part of the employes of the train, of the plaintiff's peril. It was there said, "The evidence does not show that defendant's employes in charge of.

[Chewning v. Ensley Railway Co.]

the train actually knew, or were guilty of reckless or wanton negligence in not knowing, the perilous position of deceased in time to avert the danger by the use of any possible diligence. Failing to see him, under the facts proven, at most, would be nothing more than simple negligence, and this will not authorize a recovery when the plaintiff himself was guilty of contributory negligence."

The foregoing and other adjudications of this court, when applied to the facts of this case, bring us to the conclusion that the defendant was not guilty of "wanton and reckless" negligence as averred in the complaint, and, therefore, that the plaintiff was not entitled to recover.

The general charge, as requested, should have been given for the defendant.

This view of the case makes it unnecessary to notice the other assignments of error.

Reversed and remanded.