# Haley, Adm'r, *v.* Kansas City, Memphis & Birmingham Railroad Co.

*Action against a Railroad Company by Administrator to recover Damages for the killing of his Intestate.*

1. *Railroads ; when person presumed to be a trespasser; pleading.*—In an action against a railroad company to recover damages for personal injuries, where the complaint alleges that the injuries were sustained by the plaintiff while walking along a foot path five feet from the defendant's track, it will be presumed, nothing to the contrary appearing or being shown, that the plaintiff was a trespasser upon the defendant's right of way ; the defendant railroad company having a right under the constitution and statute (Const. Art. I, § 4; Code of 1886, §§ 3007, 1589, subdiv. 9), to condemn one hundred feet of land for a right of way.

2. *Liability of railroad to trespasser.*—One who walks upon the track or right of way of a railroad company, without invitation or license, is a trespasser to whom the company owes no duty except the exercise of reasonable care and diligence to avoid an injury to him after the peril has become apparent to its employés.

3. *Same ; sufficiency of complaint; allegations of willfulness and wantonness.*—A complaint against a railroad company by the administrator of a trespasser, who was killed while walking upon defendant's right of is not sufficient in its statement of a cause of action, unless it avers willfulness and wantonness on the part of defendant's employés in causing the injury.

4. *Same ; case at bar.*—In such case, the averment that defendant's servants and employés "knowingly and willfully propelled a train of cars on the track of defendant's road, having a plank needlessly placed on one of its cars so as to extend over the pathway upon which the intestate was walking," at the time he was killed, and

[Haley v. Kansas City, Memphis & Birmingham R. R. Co.]

which was on defendant's right of way, is not a sufficient allegation of willfulness and wantonness in causing the injury.

5. *Same ; sufficiency of complaint as to wantonness and willfulness.*—In an action by an administrator against a railroad company to recover damages for the killing of his intestate, a complaint which alleges that the plaintiff's intestate, was killed by one of defendant's trains while he was walking along a pathway about five feet from defendant's track, which pathway, was, as was well known to defendant and its employés in charge of the train, commonly used by pedestrians, so that many persons were daily and constantly thereon, and that the defendant's employés, knowing the danger to such persons, and in utter disregard of and indifference to their saftey, did knowingly and willfully place on one of the cars in said train, a plank in such a position as that it projected over said pathway, and with the plank so projecting did knowingly, willfully and intentionally propel its train of cars along the track at that designated place, and thereby caused the death of plaintiff's intestate, sufficienctly charges willfulness and wantonness on the part of the defendant's employés as to state a cause of action against the defendant.

APPEAL from the Circuit Court of Lamar.

Tried before the Hon. SAMUEL H. SPROTT.

On November 15, 1895, one S. F. Pennington, while walking along a path or foot way, running parallel to, and about five feet from, the track of the Kansas City, Memphis & Birmingham Railroad Company, about three miles from Sulligent, in Lamar county, was struck by a plank, which projected from the side of a car of one of the railroad company's passing trains. and was killed. His administrator, O. F. Haley, brings the present action against the Kansas City, Memphis & Birmingham Railroad Company to recover damages for the alleged wrongful injury and death of said Pennington.

The complaint as originally filed contained eight counts. Demurrers were sustained to the 1st, 2d, 3d, 4th, 5th, 6th and 8th counts, and the 7th count was withdrawn. After sustaining the demurrers, the 2d and 6th counts of the complaint were amended, and the complaint was further amended by the addition of two other counts, numbered 9 and 10. These counts were as follows: "Second. And plaintiff claims the other and further sum of twenty-five thousand dollars of defendant ; and for cause of complaint says that heretofore, to-wit, on the 15th day of November, A. D., 1895, at to-wit, in the county aforesaid, the defendant, a corporation, was engaged in running and operating a railroad

41

[Haley v. Kansas City, Memphis & Birmingham R. R. Co.]

which passed along and through the county aforesaid, on and upon which defendant ran cars and trains of cars propelled by steam. And plaintiff says that at and along the place where the injury hereinafter complained of was inflicted, a path or footway ran by the side of the track of said railroad and of sufficient distance therefrom to be safe and beyond danger to persons walking or passing over said path or way, *and that said path or way was commonly used by persons travelling on foot, as was well known to defendant, upon which path a great number of pedestrians daily passed and repassed, all of which defendant, its agents and employés well knew ;* that on, to-wit, the day aforesaid, at, to-wit, about three miles from and northwest of Sulligent in said county, the defendant, while propelling on and along said railroad a train of cars, knowingly and intentionally had, on one of the cars so being propelled, a plank or piece of timber so placed that it would and did project over and beyond the side of said car a great distance, to-wit, about five feet, and over and across the path or footway aforesaid, so that on the day aforesaid S. F. Pennington, while travelling on and upon said path or footway, and beyond any danger from a car or train of cars properly loaded and conducted was, by the plank or timber, so negligently placed as aforesaid, struck and killed. And plaintiff says that the killing of said S. F. Pennington was due to the knowingly and intentionally running of said car by the defendant, its agents and employès, while there extended over and beyond the side thereof, and over and across the footway aforesaid, the plank or timber aforesaid."

"Sixth. Plaintiff demands of defendant the other and further sum of twenty-five thousand dollars, and for cause of complaint says : That heretofore, to-wit, on the 15th day of November, 1895, the defendant was engaged in running and operating a railroad in and through the county aforesaid, over and along which they ran cars and trains of cars propelled by steam. That at a point about three miles northwest of Sulligent, in said county, a footway or path ran parallel to and about five feet from the track of defendant's road, *which footway or path was, as the defendant well knew, commonly used and travelled over and along by persons on foot, so that many persons passed and repassed thereon daily, as was well known to*

*defendant, its agents and employés.* That on the day aforesaid the defendant, its servants and employés, *in utter disregard to the safety of such persons so passing along said path as aforesaid,* knowingly and willfully propelled a train of cars on defendant's road, having a plank needlessly placed on one of its cars so being propelled as aforesaid, so as to extend over and beyond the side of the car a great distance, to-wit, a sufficient distance to extend over and upon the pathway aforesaid. And plaintiff says that one S. F. Pennington, who was then and there passing on foot along and upon said path or footway, was by the plank, so extending over and beyond the car so being propelled as aforesaid, struck and killed. And plaintiff says, that the death of S. F. Pennington was due to the willful and knowingly propelling said train of cars on the track of defendant's road at and by the place aforesaid, while having the plank or timber aforesaid projecting over and beyond the side of said train as aforesaid."

"Ninth. Plaintiff demands of the defendant the other and further sum of twenty-five thousand dollars, and for cause of complaint, says : That heretofore, to-wit, on the 15th day of November, A. D. 1895, the said defendant was a corporation engaged in running and operating a railroad which passed through the county aforesaid, on and upon which defendant ran cars and trains of cars propelled by steam. And plaintiff says, that on the day aforesaid, said defendant, its servants and employés were engaged in operating a train of cars for the purpose of repairing said road, and hauling material therefor on and upon said road between a point near Sulligent, in said county, and points a few miles therefrom. That at the point where the injury hereinafter complained of was inflicted, a path or footway ran along and by the side of the track of said railroad at a sufficient distance therefrom to be safe and beyond danger to persons walking along and over said path or footway. *That at and along the place aforesaid, said path or footway was commonly used by pedestrians, so that many persons were daily and constantly passing and repassing thereon. Plaintiff further says, that the defendant, its servants and employés in charge of the train aforesaid, well knowing that on and along said path or footway many persons were accustomed to pass and repass as aforesaid, in*

*utter disregard of, and indifference to, the safety of the persons whom they well knew were frequently passing along said path as aforesiad,* on the day aforesaid, at to-wit, a point about three miles northwest of Sulligent, in said county, did knowingly, willfully, *and in utter disregard to the safety of the persons aforesaid,* propel on and along the track of defendant's railroad the train of cars aforesaid, on one of which cars the said defendant, its servants and employès, had knowingly and willfully placed a wooden plank about one inch thick in such manner that said plank projected over and beyond the side of the car aforesaid, a great distance, to-wit, about five feet, and over and upon and across the path aforesaid. And plaintiff says, that on the day aforesaid, S. F. Pennington, while travelling along the path aforesaid, and about five feet from the track of said railroad, and a sufficient distance therefrom to be entirely safe from trains and cars loaded in a usual and proper manner, was at the point aforesaid, struck by the plank projecting from and beyond the car as aforesaid and killed. And plaintiff says, that the killing of said S. F. Pennington was due to the fact that defendant, its servants and employès, *knowing the danger to persons so using said path as aforesaid, and in disregard of their safety as aforesaid,* did knowingly and willfully propel said car along the place aforesaid, while there extended from and beyond it, the plank so knowingly and willfully placed as aforesaid.''

''Tenth. And plaintiff demands of defendant the further the sum of twenty-five thousand dollars, and for cause of complaint, says : That heretofore, to-wit, on the 15th day of November, 1895, at to-wit, in the county aforesaid, the defendant was a corporation engaged in operating a railroad in and through said county and propelling thereon cars and trains of cars propelled by steam ; and was on the day aforesaid, engaged in running a train of cars between points within a few miles of the town of Sulligent, for the purpose of hauling material for the repair of said road. That at a point about three miles west of said town of Sulligent, said railroad *passed through a thickly settled neighborhood,* and had running along the side of said railroad a path or footway which ran about five feet from the side of said track, and at a distance rendering its use by pedestrians safe from cars or trains of cars loaded in a proper or

[Haley v. Kansas City, Memphis & Birmingham R. R. Co.]

usual manner, *along and over which path, persons living in said neighborhood, as well as many other persons, were accustomed to pass and repass, so that may persons so passed and repassed daily*. And plaintiff says that on the day aforesaid, defendant, its agents and servants, *well knowing that the footway aforesaid was commonly and frequently used by pedestrians as aforesaid, and utterly disregarding the safety of the persons aforesaid*, being about to propel along and by the path or footway aforesaid, the train of cars aforesaid, did knowingly and intentionally place on one of the cars of said train so about to be propelled as aforesaid, a wooden plank about one inch thick so that it projected over and beyond the side of the car aforesaid, a great distance, to-wit, about five feet, and on and over the path aforesaid, so that one S. F. Pennington, while passing along the path aforesaid, at the point aforesaid, and while he was walking at a distance from the track of said road safe from any danger from passing cars loaded in a proper and usual manner, to-wit, about five feet from the side of the track of said road was, on the day aforesaid, and while said train on which was the plank aforesaid, was being willfully and intentionally propelled along said railroad at the point aforesaid, struck by the plank so projecting, as aforesaid, and killed. And plaintiff says that the killing of said S. F. Pennington was owing to the fact that the defendant, its servants and employes, *well knowing the danger to persons passing along the path aforesaid, and in disregard thereof*, knowingly and intentionally propelled along the point aforesaid the train on which was the plank placed as aforesaid."

Thereupon the defendant filed a motion in writing to strike out from the second and sixth counts, as amended, and from the 9th and 10th counts, respectively, those portions of said counts which are in italics, on the ground that said portions were "irrelevant and frivolous." The court sustained the motion, and all the parts of said counts which are printed in italics were stricken out. To this ruling the plaintiff duly excepted. The defendant then demurred to the counts, upon several grounds, the substance of which were as follows:

1st. The allegations of the complaint do not show that the defendant violated any duty it owed plaintiff's intestate.

[Haley v. Kansas City, Memphis & Birmingham R. R. Co.]

2d. Because it does not show that the defendant was guilty of negligence of which the plaintiff can complain. The allegations in each of the counts show that the plaintiff's intestate was a trespasser upon the defendant's road-bed, and that the defendant was guilty of simple negligence only.

3d. There are no allegations in either of the counts which show that the injury and death to plaintiff's intestate was caused by the reckless, willful or intentional conduct of the defendant or its servants.

4th. "For that it is not shown in and by either of said counts that the said defendant owed the plaintiff's intestate any duty; but on the contrary it is shown in each of said counts that the plaintiff's intestate was a trespasser on the road bed and right-of-way of said defendant at the time of said accident; and it is not shown in either of said counts that the defendant, or any of its agents or servants, were guilty of any such conduct as shows willfulness, wantonness or recklessness on the part of defendant, or its agents or servants, in causing such accident."

5th. "For that each of said counts show that plaintiff's intestate was guilty of negligence which proximately contributed to his injury and death."

These demurrers were sustained, to which ruling the plaintiff duly and separately excepted; and the plaintiff declining to plead further, judgment was rendered for the defendant.

The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ARNOLD & EVANS and S. J. SHIELDS, for appellant. 1. If a railroad company "agrees" to the use of a path along its right of way (as alleged in the 3d count) by persons on foot, a person so using it is not a trespasser. *Barry v. N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289; *M. & C. R. R. Co. v. Womack*, 84 Ala. 151; *Glass v. R. R. Co.*, 94 Ala. 587.

2. Being on, or travelling along, the unenclosed right of way of a railroad company is not wrong *per se*, nor a prohibited wrong. It may be negligence which will prevent recovery for an injury if such trespass proximately contributed thereto.—Beach on Cont. Neg., pp. 56-7, § 17;

*A. G. S. R. R. Co. v. Chapman*, 80 Ala. 620; *Frazer v. S. & N. Ala. R. R. Co.*, 81 Ala. 199; *Carter v. C. & G. R. R. Co.*, 45 Am. Rep. 759.

3. A technical trespasser on the right of way of a railroad company may recover for an injury resulting from a positive act of negligence of the railroad company, if his negligence in being on such right of way did not proximately contribute to the injury.—*Barry v. N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289; *A. G. S. R. R. Co. v. Chapman*, 80 Ala. 620; *Frazer v. S. & N. Ala. R. R. Co.*, 81 Ala. 199; Beach on Cont. Negl., pp. 56-7; *Carter v. C. & G. R. R. Co.*, 45 Am. Rep. 759.

4. While a railroad company need not be on the lookout for trespassers, it has no right to create an unusual danger, or put an unusual instrument of danger in operation where it has a reason to know that trespassers, unconscious of the new or unusual danger, are likely to be.—*Carter v. C. & G. R. R. Co.*, 45 Am. Rep. 759; *M. & E. R. R. Co. v. Stewart*, 91 Ala. 423.

5. Railroad employès have the right to assume that persons on the track are conscious of an obvious danger and will get off, but they have no right to operate an unusually dangerous instrument, the danger from which is not obvious, when they know persons are likely to be endangered thereby.—*A. G. S. Railroad Co. v. Chapman*, 80 Ala. 620; *Carter v. C. & G. R. R. Co.*, 45 Am. Rep. 759; *Montgomery & E. R. R. Co. v. Stewart*, 91 Ala. 423.

6. Where the railroad company is the actor in needlessly and knowingly creating an unusual danger which imperils human life, it is not excused by the facts that the person injured was a trespasser, if the cause of peril was created by the company, was unusual, and it had reason to anticipate that trespassers would be imperilled. *Carter v. C. & G. R. R. Co.*, 45 Am. Rep. 759; *M. & E. R. R. Co. v. Stewart*, 91 Ala. 423; *Lepnick v. Gaddis*, (Miss.), 16 So. Rep. 213; *Beck v. Carter*, 68 N. Y. 283; *Campbell v. Boyd*, 88 N. C. 132; *Sanders v. Reister*, 1 Dakota, 176, s. c., 46 N. W. Reporter, 680; *Harriman v. Railway Co.*, 45 Ohio St. 11.

7. It is not true that a railroad company owes no duty at all to a trespasser on its right of way. Whether it does or not depends on the circumstances known to the company, tending to give notice or not of danger. *L. & N. R. R. Co. v. Webb*, 97 Ala. 310-11; *E. T., Va. &*

[Haley v. Kansas City, Memphis & Birmingham R. R. Co.]

*Ga.R. R. Co. v. Deaver*, 79 Ala. 221; *M. & C. R. R. Co. v. Womack*, 84 Ala. 149; *A. G. S. R. R. Co. v. Arnold*, 84 Ala. 168; 19 Am. & Eng. Encyc. of Law, p. 937, n. 3.

WALKER, PORTER & WALKER, *contra.*—The averments stricken from the complaint were irrelevant and immaterial, and the court did not err in such ruling. Proof of a custom on the part of the public to use a railroad track or railroad right-of-way, as a highway, or acquiescence on the part of a railroad company in such use of its track, is inadmissible in evidence; and averments of such custom and acquiescence are immaterial. This proposition is amply supported by the authorities in this State as well as in other States. In the case of *Carrington v. L. & N. R. R. Co.*, 88 Ala. 476, the court said: "Nor did the court err in refusing to allow the plaintiff to prove that other persons were in the habit of walking along its track." And in the case of *Womack v. M. & C. R. R. Co.*, 84 Ala. 149, the court said: "The evidence of the custom of persons to walk on the track was calculated to mislead the jury, by inducing the inference that the defendant owed deceased a greater and other duty at the place of the accident because of such custom, than to intruders at other places not so used. It should have been excluded." The authorities are very numerous and harmonious on this proposition, that such evidence is inadmissible.—*Womack v. M. & C. R. R. Co.*, 84 Ala. 150; *Carrington v. L. & N. R. R. Co.*, 88 Ala. 476; *S. & W. R .R. Co. v. Meadors*, 95 Ala. 142; *Glass v. M. & C. R. R. Co.*, 94 Ala. 586; *A. G. S. R. R. Co. v. Linn*, 103 Ala. 134; *Chewning v. Ensley Ry. Co.*, 93 Ala. 24; *L. & N. R. R. Co. Webb*, 97 Ala. 308.

So it is a well settled principle in this State that persons walking along on the track or on the right-of-way of a railroad company are trespassers and the company is under no obligation to keep a special look-out for them. If such persons are injured by passing trains, there can be no liability except for injuries recklessly, wantonly or intentionally inflicted. This is the case, not only upon the principle that persons walking along in dangerous proximity to a railroad track, either on the company's track or on its right-of-way, are trespassers; but also upon the principle that such persons are guilty of contributory negligence.—*Frazer v. S. & N. Ala. R.*

*R. Co.*, 81 Ala. 195 ; *Ga. Pac. R. R. Co. v. Blanton*, 84 Ala. 155 ; *M. &. C. R. R. Co. v. Womack*, 84 Ala. 150 ; *M. & C. R. R. Co. v. Glass*, 94 Ala. 581 ; *Carrington v. L. & N. R. R. Co.*, 88 Ala. 476 ; *Ga. Pac. Ry. Co. v. Lee*, 92 Ala. 262 ; *S. & W. Ry. Co. v. Meadors*, 95 Ala. 142 ; *L. & N. R. R. Co. v. Hairston*, 97 Ala. 351.

The plaintiff's intestate was a trespasser in walking along the right-of-way of the defendant. Mere acquiescence in the use of such right-of-way did not confer on the public a right to its use. The allegations of negligence in the second, sixth, ninth and tenth counts of the complaint as amended, are simply allegations that the propelling of the car with the plank projecting was "knowingly and willfully done." This does not constitute reckless, wanton or intentional wrong or negligence. A complaint, to sufficiently allege reckless, wanton or intentional negligence, must set up such facts as will constitute this degree of negligence ; and evidence of this degree of negligence is not admissible under a count averring simple negligence.—*L. & N. R. R. Co. v. Markee*, 103 Ala. 160.

HARALSON, J.—1. It is not denied by appellant, plaintiff below, in the complaint he filed, that the footpath, about five feet from the defendant's railroad track, along which his intestate was walking when he was killed, was on the right-of-way of the railroad company, nor is it insisted in argument that it was not. Under the constitution and laws of this State, defendant company had the right to condemn 100 feet of land for a right-of-way.—Const., Art. I, § 24 ; Code of 1886, §§ 3207, and 1580, subdiv. 9. Construing the complaint most strongly against the pleader, we presume the footpath was on the right-of-way of the defendant.—*Ala. Mid. Railway Co. v. Brown*, 98 Ala. 648 ; *Ga. Pac. Railway Co. v. Ross*, 100 Ala. 491.

2. It is a well settled rule of law that when one walks on the track or right-of-way of a railroad company, without invitation or license, he is a trespasser, to whom the company owes no duty except the exercise of reasonable care and diligence to avoid injuring him, as soon as his peril becomes apparent to the company's employés. It is only when the employés of the company operating the train fail to exercise reasonable care, to avoid injur-

ing him after the trespasser has been discovered, and his peril of injury becomes apparent, that they are held to be guilty of wantonness, or recklessness, such as will overcome the contributory negligence of the trespasser. *Bentley v. Ga. Pac. Railway Co.*, 86 Ala. 485; *Cen. R. R. & B. Co. v. Vaughan*, 93 Ala. 209; *Glass v. M. & C. R. R. Co.*, 94 Ala. 581; *Nave v. Ala. Gr. So. R. R. Co.*, 96 Ala. 264; *Ga. Pac. Railway Co. v. Ross*, 100 Ala., 491.

In *Nave's Case, supra,* quoting from the *Glass Case,* it was said: "One who is injured in consequence of being negligently on a railroad track cannot recover, unless the railroad employés are guilty of such gross negligence or recklessness as amounts to wantonness or an intention to inflict the injury; and that this wantonness or intention to do wrong, can never be imputed to them, unless they actually know (not merely ought to know) the perilous position of the person on the track, and with such knowledge, fail to resort to every reasonable effort to avert disastrous consequences. And this doctrine applies as well to densely populated neighborhoods in the country, and to the streets of a town of city, as to the solitude of the plains or forest." The doctrine thus stated, it was further said, "must be taken in connection with, and as limited in, the case of *Ga. Pac. Railway Co. v. Lee,* 92 Ala. 271, to the effect, 'That to run a train at a high rate of speed, and without signals of approach, at a point where the trainmen have reason to believe there are persons in exposed positions on the track, as over an unguarded crossing in a populous district or a city, or where the public are wont to pass on the track with such frequency and in such numbers, facts known to those in charge of the train, as that they will be held to a knowledge of the probable consequences of maintaining great speed without warning, so as to impute to them reckless indifference in respect thereto, as would render their employer liable for injuries resulting therefrom, notwithstanding there was negligence on the part of those injured, and no fault on the part of the servants after seeing the danger.'"

From what has been said we may pass on the demurrers to the different counts in the complaint. The 1st, 2d, 3d, 4th, 5th, original 6th, and 8th counts, and the 2d amended count, were all defective, in that they show the plaintiff's intestate was a trespasser on the

right-of-way of the railroad, at the time he was killed, and they do not aver willfulness and wantonness in causing the injury on the part of the employès controlling and operating the train.    The sixth and eighth counts (the 7th having been withdrawn) are the only ones in the original complaint, in which there was an attempt to aver willfulness or wantonness.    The averment of the 6th is, that defendant's "servants and employès knowingly and willfully propelled a train of cars on the track of defendant's road, having a plank needlessly placed on one of its cars so being propelled,   *   *   *   *   so as to extend over and upon the pathway aforesaid," and "that the death of said S. F. Pennington was due to the willful and knowingly propelling said train of cars on the track of defendant's road, at and by the place aforesaid, while having the plank or timber aforesaid projecting over and beyond the side of said train as aforesaid."    The averments of the 8th count in this respect, are substantially the same as those in the 6th, though differing somewhat in verbage.    It will be seen that these averments are no more, than that the willfulness or wantonness attempted to be averred, consisted in propelling the train, and in knowingly and intentionally placing on a car belonging to the train a plank that extended over the foot-path, which are not proper allegations of willfulness or wantonness in causing the injury.

3.    The 6th count, as amended, and the 9th and 10th counts, allege substantially the same thing,—"that said path or foot-way was commonly used by pedestrians, so that many persons were daily and constantly passing and repassing thereon," which fact the defendant, its servants and employès in charge of said train well knew, and knowing the danger to such persons, and in utter disregard of and indifference to their safety, did knowingly and willfully place on one of the cars in said train, the said wooden plank, [as described in. the other counts,] and did knowingly, willfully or intentionally propel said train of cars along the track at the place designated and thereby caused the death of plaintiff's intestate."    If the facts here averred be true, it was the duty of those operating the train,—which arose from likelihood that at that place there would be persons on the track,—to guard against inflicting death or injury at such a place by means of an extraordinary danger of

defendant's own creation. Under such circumstances, the law imputes to those operating the train a knowledge of the perilous condition of persons passing at such a place, neglect to provide against which is recklessness such as amounts to wantonness. The duty to keep a lookout for persons is not specially imposed by statute, and yet, it is the duty of trainmen when running through a city, town or village thickly populated, and it is likely that persons will be on the track, to keep a lookout. "The duty arises when the circumstances and conditions call for its exercise, and which are known to those operating the train."—*S. & W. R. R. Co. v. Meadors*, 95 Ala. 137 ; *C. & W. Railway Co. v. Wood*, 86 Ala. 164 ; *Nave's Case, supra*. There is no reason why this doctrine does not apply as well to densely populated neighborhoods in the country, when the conditions exist such as are here averred, as to cities, towns and villages. It is the likelihood of peril to the safety of passers-by, known to defendant's employés, that makes the duty, and not the place itself.—*Nave's* and *Lee's Cases, supra*.

There was error in striking out the italicized portions of these counts, and in sustaining the demurrer to them.

Reversed and remanded.