# Alabama Great Southern Railroad Co. v. Moorer.

*Action against a Railroad Company to recover Damages for Negligent Killing of a Child.*

1. *Duty of railroad to trespassers.*—A railroad company is not bound to keep a lookout for trespassers upon its track.

2. *Same; when trespasser is a child.*—A railroad company is no more bound to keep a lookout for, or to keep its premises safe, for children who are trespassers or mere licensees upon its track, not invited or enticed by it, than it is to keep a lookout or to keep its track safe for adults.

3. *Negligence; wanton negligence or willful wrong.*—A mere error of

judgment as the result of doing an act or omitting to do an act, having no evil purpose or intent, or consciousness of probable injury, may constitute simple negligence, but can not rise to the degree of wanton negligence or willful wrong.

4. *Action against railroad company for killing of a child; when negligence not shown.*—In an action against a railroad company to recover damages for the alleged negligent killing of a child, where it is shown that the child was running along the defendant's track, and that as soon as the engineer discovered him, which he did as soon as it was possible, by reason of the construction of the track, he blew his whistle, put on brakes, reversed the engine and was diligent in the discharge of his duties to prevent the accident, and there is an entire absence of evidence tending to show that he was reckless or indifferent to the peril of the child, or was conscious at the time that he was omitting to use any means at hand which the circumstances reasonably required to avert the injury, the defendant can not be charged with either simple negligence, wanton negligence or willful wrong.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. GEORGE E. BREWER.

This was an action brought by a father for the negligent killing of a minor son about nine years of age. The complaint contains fourteen counts. Demurrers were sustained to the 2d, 3d, 4th and 5th counts. The 1st, 12th and 13th counts alleged simple negligence The 6th, 7th, 8th, 9th, 10th, 11th and 14th counts alleged willful, wanton and intentional negligence. A plea of "not guilty" was interposed to the entire complaint, and pleas of contributory negligence were interposed to the 1st, 12th and 13th counts. The jury found the issue in favor of the defendant as to the counts alleging simple negligence. The court was requested to charge the jury that if they believed all the evidence they should find a verdict for the defendant. The court was also requested to give the following written charge, numbered 4: "The court charges the jury that if they believe all the evidence, they should find a verdict for the defendant on the counts of the complaint which charge willful, wanton or intentional negligence." The court was also requested to give the affirmative charge as to each count of the complaint charging willful, wanton or intentional negligence. The court refused to give each of these charges requested by defendant, and the defendant separately excepted to the refusal to give each of them. The other facts of the case are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

AMOS E. GOODHUE, for appellant.—There was shown no wanton, willful or intentional negligence on the part of the defendant, by the evidence in this case. To constitute wanton, willful or intentional negligence, there must be, after discovery of the peril, omission to use proper preventive effort, accompanied with consciousness, at the time, on the part of the agents or servants charged with such negligence, that they were omitting to use the means at hand which the circumstances reasonably required to avert the injury.—*A. G. S. R. R. Co. v. Burgess*, 114 Ala. 587; *Ga. Pac. R. Co. v. Lee*, 92 Ala. 262; *L. & N. R. R. Co. v. Markee*, 103 Ala. 160.

INZER & GREENE, *contra*.—The evidence shows that the defendant was liable in the present action. "If the person charged with the duty consciously fails or refuses to exercise reasonable care to prevent an injury, after the discovery of peril, or under circumstances where he is charged with the knowledge of such fact, an injury results, he will be guilty of willful injury or such wanton negligence as to be its equivalent."—*L. & N. R. R. Co. v. Markee*, 103 Ala. 160; *Lovell v. DeBardeleben C. & I. Co.*, 90 Ala. 13.

The child was not a trespasser, but had he been such on the defendant's road, the defendant would have been liable after discovery of the danger, if the accident could have been averted by due diligence; or, if the failure to discover the danger to the child was the result of carelessness of appellant's employes, then appellant would be liable.—*Frazer v. S. & N. Ala. R. R. Co.*, 81 Ala. 185; Thompson on Negligence, 448; 6 Amer. & Eng. R. R. Cases, 17–20; *Gov. St. R. R. Co. v. Hanlon*, 53 Ala. 70; *Tanner v. L. & N. R. R. Co.*, 60 Ala. 621; *Cook v. Cen. R. R. & B. Co.*, 67 Ala. 533.

HARALSON, J.—1. A few well settled principles may be stated as controlling the decision of this case. "It is generally, and we think correctly held, [says Elliott], that a railroad company is not bound to keep a

lookout for trespassers upon the track."—3 Elliott on Railroads, §§ 1255, 1257. He cites many cases in support of this doctrine, and among them our own decisions.—*Ga. Pac. R. Co. v. Ross*, 100 Ala. 490; *Memphis & C. R. R. Co. v. Womack*, 84 Ala. 149; *E. T. V. & G. R. R. Co. v. King*, 81 Ala. 177. A duty to such a trespasser sets in, when his peril becomes apparent to the company's employes, and then they must exercise all reasonable care and diligence to avoid injuring him.

2. The same author further observes, "In actions for injuries to children, as in other cases, there can be no recovery unless defendant has been guilty of a breach of duty  *  *  * . There is a sharp conflict among the authorities, however, as to what the duty of a railroad company is to children who come upon its premises as trespassers or mere licensees. We believe the true rule to be that, although the age of the child may be important in determining the question of contributory negligence, or the duty of the company after discovering him, the company is, in general, no more bound to keep its premises safe for children who are trespassers or bare licensees, not invited or enticed by it, than it is to keep them safe for adults." This rule, of course, does not apply to children, or to any other person, at a place where they have a right to be, as for instance in a public highway, where it crosses the track, in which case, they are not to be treated as trespassers.—3 Elliott on Railroads, § 1259; *Jefferson v. Birmingham R. & E. Co.*, *ante* p. 294.

3. In *Birmingham R. & E. Co. v. Bowers*, 110 Ala. 331, it was said : "Mere negligence which gives a cause of action is the doing of an act, or the omission to act, which results in damage. To constitute willful injury, there must be design, purpose, intent to do wrong and inflict the injury. Then there is that reckless indifference or disregard of the natural or probable consequence of doing an act, or omission of an act, designated, whether accurately or not, in our decisions, as 'wanton negligence,' to which is imputed the same degree of culpability and held to be equivalent to willful injury.  *  *  * A mere error of judgment, as the result of doing an act, or the omission of an act, having no evil purpose or intent, or consciousness of probable injury, may constitute simple negligence, but can not rise to the degree of wan-

ton negligence or willful wrong.—*Ga. Pac. Railway Co. v. Lee,* 92 Ala. 272; *L. & N. R. R. Co. v. Webb,* 97 Ala. 308; *H. A. & B. R. R. Co. v. Sampson,* 91 Ala. 560; *K. C., M. & B. R. R. Co. v. Crocker,* 95 Ala. 412; *L. & N. R. R. Co. v. Markee,* 103 Ala. 160.'' See also *Ala. G. S. R. R. Co. v. Burgess,* 114 Ala. 587; *L. & N. R. R. Co. v. Anchors,* 114 Ala. 492.

4. There were three counts in the complaint which set up simple negligence on the part of the engineer in not preventing the injury. Under the charge of the court, the jury by their verdict found the issue in favor of the defendant on these counts, and against it on the remaining counts setting up wantonness and willfulness on the part of the engineer in causing the injury to plaintiff's son.

The child killed was a boy about eight years and ten months old. The plaintiff examined several witnesses, some of whom saw the boy when he was run on by the defendant's engine. They saw him, however, only a few moments before he was overtaken. He was running down the track, and threw his head around to see the approaching train. None of them knew or could testify, as to when the engineer saw the boy. They did testify to facts tending to show when he might have seen him,— evidence competent and important to be considered under the counts charging simple negligence, if the other evidence was conflicting as to whether he exercised due diligence after the discovery of the boy's peril, to prevent the injury. As to this, the evidence tended to show without conflict, that the train was composed of five passenger coaches and a sleeper, besides the engine and tender, in length about 470 feet. It also showed that from the top of the grade at the Gilbert house, to where the accident occurred, it was about 370 yards, and from the Gilbert house, the grade descended for 165 yards three and one-half feet, and in the 370 yards something over four feet. It was on this down grade, going north, the boy was killed. The engineer testified, that as he got on the top of the grade, he was running forty miles an hour, and was behind time; that he was looking right ahead and saw the boy as soon as he could; that he was turning the top of the grade when he saw him; that when he discovered him, he immediately blew the whistle, put on brakes and reversed the engine; that he

did all that he could do, or that any engineer could do, to stop the train and prevent the accident; that the train, running at the rate he was going, at that place, with air brakes applied and engine reversed, would run between four and five hundred yards before stopping, and that the train did stop still after the accident, in about that number of yards, with the efforts resorted to to stop it.

The fireman on the train, testified that he noticed the boy as they tipped the top of the grade ; that the engineer then sounded the whistle, shut the engine off and applied the brakes; that he did this just as quick as possible; that this was done one at a time, but you might say, it was done at once, and that the rear of the train ran two or three car lengths from where the boy was dropped.

A passenger on the train, named Baker, and the conductor, testified to facts corroborative of the evidence of the engineer and fireman.

5.   From this evidence, it manifestly appears, that the engineer saw the boy as soon as he got to the top of the grade, where looking ahead, he might discover him ; that he immediately resorted to all the methods at hand but without avail to stop his train, short of overtaking and injuring him, and that he really did cause the train to slow up and stop as rapidly as it could have been done.   Without any conflict at all, the evidence tends to show, that the engineer was diligent in the discharge of duty to prevent the accident, and there is an entire absence of evidence tending to show that he was reckless or indifferent to the peril of the child, or was conscious at the time, that he was omitting to use the means at hand which the circumstances reasonably required, to avert the injury; but, on the other hand, the contrary disposition on his part, reasonably appears.   Inferences to the contrary of honest intention and effort on his part to prevent the calamity, cannot be drawn from the evidence.

The general charge as requested by defendant should have been given.

It is unnecessary, in this view of the case, to notice the rulings of the court on the admission of evidence, and on the charges given and refused.   The cases referred to above furnish guides for another trial, if it

should be had, an observance of which will prevent the intervention of erroneous rulings.

Reversed and remanded.