# Highland Avenue & Belt Railroad Co. v. Robbins.

| 124 | 113 |
| 133 | 373 |

| 124 | 113 |
| 134 | 267 |

| 124 | 113 |
| 136 | 353 |
| 136 | 582 |

| 124 | 113 |
| 144 | 380 |

## Action for Damages for Negligence.

1.  *Railroad company; when not required to keep lookout.*—A railroad company is not bound to keep a lookout for trespassers upon the track of its road; but a duty to such a trespasser sets in when his peril becomes apparent to the company's employés; and then they must exercise all reasonable care and diligence to avoid injuring him.

2. *Same; liable for recklessness of trainmen notwithstanding negligence of party injured.*—But where the circumstances and conditions are such, and these are known to the trainmen, that persons are likely to be in exposed positions on the tract, as at an unguarded crossing in a populous district or city, or where the public are wont to pass on the tract with such frequency and in such numbers that the trainmen will be held to a knowledge of the probable consequences of maintaining great speed without warning, so as to impute to them reckless indifference in respect thereto, the railroad company will be liable for injuries resulting from such high speed, although there was negligence on the part of those injured, and no fault on the part of the servants of the company after they saw the danger; and this not because the servants ought to have sooner observed the danger, but on the ground that they knew of its existence from their knowledge of the presence of people there, as a matter of fact, without seeing them at all in the particular instance.

3. *Trespasser; when person on railroad track is.*—One is not a trespasser in crossing a railroad tract whether in town or in the country; but he is essentially and always a trespasser who gets on a railroad track to proceed along its course, using it as a road, and does so proceed, if he is not there by the sanction of the company.

4. *Same; children may be as well as adults.*—A railroad company is no more bound to keep a lookout for children who are trespassers, or mere licensees on its track, not invited or enticed by it, than it is to keep a lookout for adult trespassers thereon.

5. *Negligence; contributory when can not be set up against infant.* Where an infant, suing for his own benefit, is of such tender years that he is conclusively presumed to be incapable of judgment and discretion and of owing duty to another, neither contributory negligence on his part nor that of his parents can be set up to defeat a recovery.

6. *Trespasser; adult cannot set up negligence but must aver wantonness.*—If a complaint affirmatively shows that the plaintiff is a trespasser, an actionable injury is not shown unless it is averred to have been done wantonly or intentionally; or that the company's employés failed to use due care to avoid injuring him after he has been discovered, and his peril of injury became apparent, or that such conditions existed, as to the time and place, as made it necessary for the trainmen to keep a lookout; averment of simple negligence is insufficient.

7. *Negligence; plea of contributory only good against simple negligence.*—A plea of contributory negligence can only be interposed to a complaint averring simple negligence; it is no

answer to a complaint averring wantonness or willfulness on the part of the defendant.

8. *Trespasser; when one presumed to be.*—When a complaint against a railroad company for injury does not show whether the plaintiff was a passenger or employé, or that he had any connection with the company, at the time of the injury, it will be presumed that he was a trespasser.

APPEAL from Birmingham City Court.

Tried before Hon. W. W. WILKERSON.

This case was brought by Florence B. Robbins, an infant nineteen months old, against the Highland Avenue & Belt Railroad Co. to recover damages for injuries caused by a train of the defendant. Of the counts of the complaint on which issue was joined, all except two, alleged that the injuries were inflicted while the plaintiff was on the tract of the defendant's road. The other two averred negligence of the employés of the company, the tenth at a point where the track intersected a public highway or street of an unincorporated town or village, and the thirteenth, while the plaintiff was attempting to cross the track of defendant. All the assignments of error were based on the alleged errors of the trial court in its rulings on the demurrers interposed to the several counts of the complaint. The opinion is full on these points.

ALEX T. LONDON and JOHN LONDON, for appellant.— A trespasser cannot maintain an action against a railroad company for simple negligence.—*Ensley R. R. Co. v. Chewning*, 93 Ala. 24; *S. & W. R. R. Co. v. Meadors*, 95 Ala. 137. Appellant also cited to show the insufficiency of the complaint, *Montgomery's Ex'rs v. A. G. S. R. R. Co.*, 97 Ala. 305; *Glass v. M. & G. R. R. Co.*, 94 Ala. 381; *G. P. R. R. Co. v. Ross*, 100 Ala. 490. (2). The rule as to trespassers applies to children.—*Jefferson v. Birmingham Ry. & Elec. Co.*, 22 So. Rep. 546; 3 Elliott R. R., § 1259; *B. & O. R. R. Co. v. Schwindling*, 101 Pa. St. 258; *Roller v. Sutter St. R. R. Co.*, 66 Cal. 230; *Morrisey v. Eastern R. R.*, 126 Mass. 377.

SAMUEL WILL JOHN and LEE C. BRADLEY, *contra.* General averments of negligence sufficient when the

plaintiff is an infant.—*Ensley R. R. v. Chewning,* 93 Ala. 26; *R. R. v. Crenshaw,* 65 Ala. 569; *R. R. v. Hardon,* 53 Ala. 70. (2). The doctrine that there is no necessity to keep a lookout for trespassers limited to persons of discreet years.—*Moore's Case,* 116 Ala. 642; *Frazer v. R. R.,* 81 Ala. 195; therefore the duty to look out for infants at all times.—*Bottoms v. R. R.,* 25 L. A. R. 789; *Pratt Coal & Iron Co. v. Brawley,* 83 Ala. 571. (3). Person crossing railroad no trespasser.—*B'ham Ry. & Elec. Co. v. City Stables Co.,* 24 So. Rep. 558; *Glass v. R. R.,* 24 Ala. 587.

HARALSON, J.—"It is generally, and we think correctly held, [says Elliott] that a railroad company is not bound to keep a look-out for trespassers upon the track" of its road.—3 Elliott on Railroads, § § 1255, 1257; *Georgia Pac. R. R. Co. v. Ross,* 100 Ala. 490; *M. & C. R. R. Co. v. Womack,* 84 Ala. 149; *E. T. V. & G. R. Co. v. King,* 81 Ala. 177. But a duty to such a trespasser sets in, when his peril becomes apparent to the company's employés; and then they must exercise all reasonable care and diligence to avoid injuring him.—*Ala. G. S. R. Co. v. Moorer,* 116 Ala. 642.

In the case of the *Ga. Pac. R. Co. v. Lee,* 92 Ala. 271, it was said: "That to run a train at a high rate of speed, and without signals of approach, at a point where the trainmen have reason to believe there are persons in exposed positions on the track, as over an unguarded crossing in a populous district or city, or where the public are wont to pass on the track with such frequency and in such numbers,—facts known to those in charge of the train,—as that they will be held to a knowledge of the probable consequences of maintaining great speed without warning, so as to impute to them reckless indifference in respect thereto, would render their employer liable for injuries resulting therefrom, notwithstanding there was negligence on the part of those injured, and no fault on the part of the servants after seeing the danger. The doctrine is not based on the idea, that they ought to have sooner observed the danger, but on the ground, that they knew of its existence,—of the presence of people in positions of peril, as a matter of fact, without seeing them

[Highland Avenue & Belt. Railroad Co. v. Robbins.]

at all in the particular instance." This rule as thus stated, it was again said in *Nave v. Ala. G. S. R. Co.*, 96 Ala. 264, 268, was in nowise in conflict with what was afterwards declared in *S. & W. R. Co. v. Meadors*, 95 Ala. 137, as to the duty of trainmen, that "when running through a city, town or village thickly populated, and the demands of trade and public intercourse and convenience necessitate the frequent crossing of tracks, and it is likely there are persons on the track at the time and place, to keep a look-out. The duty arises when the circumstances and conditions call for its exercise, and which are known to those operating the train."

This doctrine was again, and more recently considered and approved in *Haley v. Kansas C. M. & B. R. Co.*, 113 Ala. 640, where it was said: "There is no reason why this doctrine does not apply as well to densely populated neighborhoods in the country, when the conditions exist * * * (to call it into exercise) as to cities, towns and villages. It is the likelihood of peril to the safety of passers-by, known to defendant's employés, that makes the duty, and not the place itself.—*Nave's* and *Lee's* cases, *supra;" M. & C. R. Co. v. Martin*, 117 Ala. 367.

Again, it is well settled that one in crossing a railroad track, whether in town or country, is not a trespasser. *Glass v. M. & C. R. Co.*, 94 Ala. 582. In the case last cited, in recognition and not in limitation of the foregoing principles, it was held "with respect to one, whether in town or country, and whether the track be upon an embankment, on a level, or in a cut, or through a tunnel, or over a trestle, who gets on a railroad for the purpose of passing, not across it, but along its course, and does proceed along its course, using it as a road, * * * * is essentially and at all times a trespasser, if he be not there by the sanction of the company," etc.

Recently, after mature consideration, consonant with what has gone before and with the great preponderance of authority on the subject, and with what seems to be necessarily correct principle we held, that a railroad company is no more bound to keep a lookout for children who are trespassers, or mere licensees on its track, not invited or enticed by it, than it is to keep a lookout for adult trespassers thereon.—*Ala. G. S. R. Co. v. Moorer,*

116 Ala. 642; *Jefferson v. B. R. & E. Co.*, 116 Ala. 294.

Another doctrine well understood is, that if the infant suing for his own benefit, is of such tender years, that he is conclusively presumed to be incapable of judgment and discretion, and of owing duty to another, neither contributory negligence on his part, nor that of his parent can be set up to defeat a recovery.—*Gov. St. R. Co. v. Hanlon*, 53 Ala. 70; *P. C. & I. Co. v. Brawley*, 83 Ala. 371.

Again, if a complaint affirmatively shows, that the plaintiff is a trespasser, an actionable injury is not shown unless it is averred to have been done wantonly or intentionally; or that the company's employés failed to use due care to avoid injuring him after he has been discovered, and his peril of injury became apparent, or that such conditions existed, as to time and place, as made it necessary for the trainmen to keep a look-out. A complaint averring simple negligence is insufficient for the purpose.—*Ensley R. Co. v. Chewning*, 93 Ala. 24; *S. & W. R. Co. v. Meadors*, 95 Ala. 137; *Glass v. M. & C. R. Co.; supra; Ga. Pac. R. Co. v. Ross*, 100 Ala. 490; *Haley v. K. C. M. & B. R. Co.*, 113 Ala. 640; *L. & N. R. Co. v. Brown*, 25 S. O. Rep. 609, s. c. 121 Ala. 221.

A plea of contributory negligence is no answer to a complaint averring wantonness or willfulness on the part of defendant, and can only be interposed to a complaint averring simple negligence.—*L. & N. R. R. Co. v. Markee*, 103 Ala. 160. If an adult plaintiff brings an action against a railroad company for personal injuries, not averring wantonness or willfulness on the part of defendant's employés in the infliction of the injury, the defendant may plead that he was guilty of contributory negligence, and if proved, defeat the action. If an infant of tender years bring such an action, the defendant cannot set up the plea of contributory negligence, because such negligence cannot be imputed to such a child. This arises from the very necessities of the case, the party in the one case being capable and in the other incapable of discretion. Negligence cannot be predicated of one without judgment or discretion. This, however, does not alter the rule as to trespassers, whether adults or infants. A trespasser need

not have judgment. He may be a discreet person, an infant, an idiot or an animal. When the complaint shows that the party suing a railroad company for personal injuries, was a trespasser at the time on the track of the company, the rule is inflexible,—and we are unable to see how it could consistently be otherwise,—that it must contain the averments above specified as essential in such a case. The decisions go even to the extent of holding on this subject that "The presumption of negligence, (as was stated in *Ensley R. Co. v. Chewning, supra*) of such a character does not arise from the mere fact of injury to a trespasser;" and when the complaint does not show whether the plaintiff was a passenger or employé or that he had any connection with the railroad company, at the time of the injury, it will be presumed that he was a trespasser.—*Ga. Pac. R. Co. v. Ross,* 100 Ala. 490; *Chewning's* case, *supra.*

These views are not in contravention of the right of action given by statute against railroad companies for injuries done to persons or stock, at specified places, for a failure to comply with the requirements of sections 3440, 3441 and 3442, or with the burden of proof that is imposed in such cases on the defendant by section 3443 of the Code.—*M. & C. R. R. Co. v. Womack,* 84 Ala. 149; *L. & N. R. R. Co. v. Thornton,* 107 Ala. 274.

From what has been said, it will appear without argument to show it, that the several counts of the complaint, on which the case was tried, with the exception of the 10th and 13th, show that the plaintiff was a trespasser on defendan's track when she was injured, and fail to aver wanton or intentional injury to plaintiff by defendant's employés; or their failure to use due care to avert the injury after the discovery of plaintiff on the track; or that such conditions existed as to time and place of injury as imposed on them the duty to keep a look-out for trespassers.

The 10th avers that the plaintiff was injured when the plaintiff was on the track of defendant in Oak Street, where it intersects defendant's track in a town or village; and the 13th, that plaintiff was injured while she was attempting to cross the track of the defendant at a point without the limits of an incorporated city or town.

[Moore v. McLure, Admr.]

Such allegations, together with the proper averments of negligence on the part of defendant's employés, under the principles above declared, must be held to make these counts sufficient and not subject to the demurrer interposed to them.

For overruling the demurrer to the other counts, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.