# Gadsden & Attalla Union Railway Co. v. Julian, Admr.

*Action against Railroad Company to recover Damages for killing Plaintiff's Intestate.*

1. *Action against railroad company; sufficiency of complaint.*—In an action against a railroad company, a count of the complaint in the following words: "The plaintiff who sues as the administrator of the estate of James C. Julian, deceased, claims of the defendant corporation the sum of twenty-five thousand dollars as damages for the negligent killing of plaintiff's intestate, a minor less than eleven years of age, by running against and over the plaintiff's intestate with an electric car, which said killing occurred on or about the 22d day of June, 1900," is insufficient and subject to demurrer.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was an action brought by the appellee, R. W. Julian, as administrator of the estate of James C. Julian, deceased, against the Gadsden & Attalla Union Rail-

way Co. The complaint contained four counts. On the present appeal it is unnecessary to set out the second and third counts. The first and fourth counts of the complaint were as follows: "First. The plaintiff, who sues as the administrator of the estate of James C. Julian, deceased, claims of the defendant corporation the sum of twenty-five thousand dollars as damages for the negligent killing of plaintiff's intestate, a minor, less than eleven years of age, by running against and over plaintiff's intestate with an electric car, which said killing occurred on or about the 22d day of June, 1900." Fourth. The plaintiff, who sues as the administrator of the estate of James C. Julian, deceased, claims of the defendant the sum of twenty-five thousand dollars as damages for the negligent killing of plaintiff's intestate, a minor, less than eleven years of age, by running against him with an electric car, which said killing occurred on or about the 22d day of June, 1900, in Etowah county, Alabama."

To the first and fourth counts of the complaint the defendant separately demurred upon the following grounds: 1. They show no duty the defendant owed the plaintiff which it negligently failed to perform. 2. They show that plaintiff's intestate was a trespasser on defendant's track, and they aver nothing more than simple negligence in his killing. 3. They do not show the particular act of negligence complained of. 4. They do not state the particular acts or matters which constituted the willful, wanton or intentional negligence complained of. 6. They are too vague and uncertain. 7. They fail to allege any facts which show willful, wanton or intentional negligence.

There is a recital in the record that "defendant demurs to the third count on the same grounds set out in his demurrer to the second count, assigning each ground separately," but the grounds of the demurrer to the second count do not appear in the record. The court overruled the defendant's demurrers to the complaint. On the present appeal the defendant assigns as error the court's overruling its demurrers to the complaint.

DORTCH & MARTIN and W. J. BOYKIN; for appellants, cited *Chewning v. Ensley R. R. Co.,* 93 Ala. 27; *A. G. S. R. R. Co. v. Moorer,* 116 Ala. 642; *Jefferson v. Bir. R. & E. Co.,* 116 Ala. 294.

GOODHUE & BLACKWOOD, *contra,* cited *Ensley R. R. Co. v. Chewning,* 93 Ala. 24; *L. & N. R. R. Co. v. Jones,* 83 Ala. 376; *M. & M. R. R. Co. v. Crenshaw,* 65 Ala. 566; *S. & N. R. R. Co. v. Thompson,* 62 Ala. 494; *Gov. St. R. R. Co. v. Hanlan,* 53 Ala. 80.

SHARPE, J.—Counts 1 and 2 of the complaint are each wanting in particularity of averment, in that they fail to show either that plaintiff's intestate when injured was not a trespasser on defendant's track, or that defendant's servants in charge of the train became aware of his perilous position on the track and were thereafter guilty of actionable misconduct.—*Ensley R. R. Co. v. Chewning,* 93 Ala. 25; *Savannah & W. R. R. Co. v. Meadors,* 95 Ala. 137; *Highland Ave. & B. R. R. Co. v. Robbins,* 124 Ala. 113; *L. & N. R. R. Co. v. Brown,* 121 Ala. 221.

A child as well as an adult may be a trespasser; and ordinarily a railroad company is under no more obligation to keep a lookout for children who, without enticement for which it is responsible, may go on the track at a place they have no right to be, than to look out for adults.—*Highland Ave. & B. R. R. Co. v. Robbins, supra; A. G. S. R. R. Co. v. Moorer,* 116 Ala. 642.; 3 Elliott on Railroads, § 1259. Therefore, the averment of infancy contained in counts 1 and 4 does not supply the facts essential to show a duty breached. The demurrers to these counts respectively should have been sustained.

The demurrer to count 3 fails for want of specific grounds, since it merely adopts the grounds in what is referred to as the demurrer to count 2, and no demurrer to count 2 is found in the record.

Reversed and remanded.