# Savannah & Western Railroad Co. *v.* Meadors.

*Action for Damages against Railroad Company, by Administrator of Person Killed.*

1. *Trespassers on railroad track; in thickly populated part of city or town.*—When a railroad track runs through a thickly populated part

[Savannah & Western Railroad Co. v. Meadors.]

of a city, town or village, where the demands of trade and public intercourse necessitate the frequent crossing of the track, it is the duty of those operating an engine along the track to keep a diligent lookout for persons who may be on it; not because such duty is specially imposed by statute, but because it arises from the particular facts and circumstances, which make it probable that persons are on the track, and that injury may result unless due care is observed; and the duty only arises when the two facts co-exist, (1) a custom or usage in crossing the track at that place, and (2) the demands of trade and intercourse justifying it. But the track of a railroad can not be converted into a road for ordinary travel, and one who undertakes to make such use of it is a trespasser. (This is "the extent of the rule declared in *M. & C. R. R. Co. v. Womack*, 84 Ala. 150, and in accord with *Geo. Pac. R. R Co. v. Blanton*, 84 Ala. 154; and as thus qualified, the case of *S. & N. Ala. R. R. Co. v. Donovan*, 84 Ala. 146, is re-affirmed."*)

2. *Same; contributory negligence, and how overcome as defense.*—A person who walks on a railroad track at night, in a deep cut four or five hundred yards long, within the corporate limits of a city or town, where there are no intersecting streets or crossings, is a mere trespasser, and being run over and killed by a train approaching from behind, his contributory negligence prevents a recovery of damages by his personal representative, unless it is shown that the person in charge of the train discovered him in time to avoid the injury, and failed to exercise due care and diligence to avoid it.

3. *Statutory duties of engineer; failure to perform as negligence.*—The statutory duty imposed on the engineer of a railroad train moving or passing through a city or town, to blow the whistle or ring the bell at short intervals (Code, § 1144), is co-extensive with the corporate limits of the city or town; but the failure to perform this duty is simple negligence merely, and is not sufficient to overcome the defense of contributory negligence on the part of plaintiff or his intestate.

4. *Correspondence of pleadings and proof.*—Under a count which avers simple negligence, in an action to recover damages for personal injuries, a recovery may be had on proof of wanton or reckless negligence.

5. *Sufficiency of complaint in averments of negligence.*—In an action for damages against a railroad company, by the administrator of a person who was run over and killed by a train of cars within the corporate limits of a city or town, a count which avers that the engineer did not blow the whistle or ring the bell at short intervals while moving through the city, and that "owing to such failure said intestate was killed;" and a count which avers that the accident occurred near a public crossing, that the engineer did not blow the whistle or ring the bell at least one-fourth of a mile before reaching said crossing, and continue to do so at short intervals until he had passed the crossing, "and that said intestate was killed on account of such omission;" and a count which avers that, "at the time of the killing of said intestate, said engine was being run negligently in this, it was a dark night, the engine had no head-light, and was being run rapidly, and on account of said negligence said intestate was killed,"—each is sufficient in its averments of negligence. But a count which shows

---

*The opinion in this case was delivered on the 5th Novemver, 1891, five days before the case of *Glass v M. & C R. R. Co.*, 94 Ala. 581, was decided; but the papers were mislaid, and did not come to the hands of the reporter in time for publication in 94 Ala.

J. W. S.

[Savannah & Western Railroad Co. v. Meadors.]

that the intestate was a mere trespasser on the railroad track at the time he was killed, or was otherwise guilty of contributory negligence, must allege or show more than simple negligence on the part of the persons in charge of the train—must show wanton or reckless negligence on their part, or intentional injury.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by Fannie Meadors, as administratrix of the estate of her deceased husband, Robert Meadors, who was run over and killed, on the night of September, 1888, within the corporate limits of the city of Opelika, by an engine and train of cars belonging to the defendant railroad company. The opinion states the facts connected with the killing, so far as material to the points here decided, and renders any further statement unnecessary.

The complaint contained four counts, each of which, after amendment, alleged that the injury occurred within the corporate limits of Opelika. The first count alleged that the engineer in charge of the train "did not blow the whistle or ring the bell at short intervals, while moving within said city along said road, and that owing to such failure to ring the bell or blow the whistle said intestate was killed." The second count alleged that the accident occurred near a public road crossing; that the engineer did not blow the whistle or ring the bell at least one-fourth of a mile before reaching said crossing, and continue to blow the whistle or ring the bell, at short intervals, until he had passed the crossing, "and on account of such omission said intestate was killed." The third count alleged that the engine and cars ran over and killed the intestate "in a deep cut in a curve in said road, within less that one-fourth of a mile from a public road crossing; that said engineer could not see one-fourth of a mile ahead, and did not blow the whistle or ring the bell before entering said curve, and that owing to such omission said intestate was killed." The fourth count alleged that, at the time of the killing, "said engine was being run negligently in this—that it was a dark night, said engine had no head-light at the time, and was being run rapidly; and on account of said negligence said intestate was killed."

The defendant demurred to each of these counts; "because each shows that plaintiff's intestate contributed to the injury complained of, by being on defendant's track, and does not show that defendant wantonly, recklessly, or willfully injured him;" also, "to the first, second and third counts,

because each fails to show that the injury complained of resulted from, was contributed to, or was caused by said failure to blow the whistle or ring the bell; also, "to the second and third counts, because each fails to show that said intestate was at a public road crossing, or other place where defendant owed him the duty alleged to have been omitted;" also, to the fourth count, (1) "because it assumes that to run a train rapidly is negligence, and (2) because it fails to show that the alleged injury resulted from, was contributed to, or was caused by the negligence therein "averred." After the counts were amended, an additional demurrer was filed, "because each count fails to show that the injury complained of occurred in the populous or business part of said city, or at any depot, street crossing, or other place where necessity compelled, or common usage gave color of sanction for said intestate to be upon the railway track." The court overruled the demurrers, and issue was then joined on the pleas of not guilty and contributory negligence.

The defendant excepted to the following portions of the general charge given by the court, "as a whole and separately, and especially to those portions thereof which are underscored" (italicized). (1.) "If the plaintiff has shown that her intestate was killed by the defendant's engine while running on the defendant's railroad track within the corporate limits of the city of Opelika, this shifts the burden of proof to the defendant, and it then becomes its duty to absolve itself from liability for the killing in one of three ways: (1) by showing that it did not do the killing; or (2) by showing that the killing, if done by it, was not done by reason of negligence and without fault of the deceased; or (3), no matter how the killing was done, it was contributed to proximately by the negligence of the deceased." (2.) "In the city, a careful watch must be kept for trespassers upon the track; not because a trespasser has any more right to the use of the track in a city than in the country, but because there are larger numbers of people in a city, and because from habit, custom or necessity they are more often on the track, and the law, recognizing these facts, makes it the duty of those in charge of engines and cars to keep a watch for persons on the track in a city, and to avoid injuring them if it can be done." (3.) "The law imposes certain duties on those running trains within the corporate limits of a city, and a failure to perform and discharge such duties is a want of care on the part of the road, amounting to negligence. Among these duties may be mentioned (1) *the duty to keep a watch-out for trespassers, or persons on the*

*track*, and (2) the duty, while passing through the city, to ring the bell or blow the whistle at short intervals, so that persons on the track may have notice of the approach of engine or cars, and move off the track, and so avoid danger." (4.) "If the plaintiff has shown to the reasonable satisfaction of the jury that her intestate was killed on the defendant's railroad track, within the corporate limits of the city of Opelika, by defendant's engines while being run through the corporate limits of the city by defendant's employes, it then becomes the duty of the defendant to show reasonably that it was without negligence or fault in the killing of the deceased, or, *if it was guilty of any negligence*, that the negligence of the deceased himself contributed proximately to his death. It either one or the other of these propositions has been shown, the plaintiff can not recover ; *but, if neither of them has been shown, it will be the duty of the jury to find for the plaintiff.*"

The defendant excepted, also, to twelve charges given by the court on request of the plaintiff, and to the refusal of thirty charges asked in writing by defendants.

The assignments of error are : (1) "the overruling of the demurrer to each count of the complaint ;" (2-7) rulings on evidence, which require no notice ; (8) "each of the four parts of the charge of the court excepted to, and especially those portions thereof which are underscored ;" (9) "giving each of the twelve charges asked by plaintiff; (10) "refusing to give each of the thirty charges asked by defendant."

HARRISON & LIGON, for appellant.

SAMFORD & CHILTON, *contra.*

COLEMAN, J.—We will consider the case upon the hypothesis that the facts are as contended for by the plaintiff. According to this assumption, Robert Meadors was run over and killed by an engine of the defendant within the corporate limits of the city of Opelika, about 8 o'clock P. M. on the 13th of September, 1888. At the time he was struck by the engine, he was on his way home, walking up the railroad track of the defendant, and within a cut, about twenty feet deep and some four or five hundred yards in length. That behind him, in the direction from where the engine was coming, there were street crossings, and public road crossings, and one not very far from the entrance to the cut ; and that deceased came to his death after he had gone about one hundred or one hundred and fifty yards in the

cut. There were curves in the road, which obstructed the view for less than a fourth of a mile. That the engineer did not blow the whistle, or ring the bell, before reaching the crossing, and did not blow the whistle or ring the bell at short intervals, while moving within or passing through the city, as required by section 1144 of the Code; and that defendant had no head-light. The negligence of the defendant in one or more of these requirements, it is contended, caused the death of the decedent.

Conceding that the proof of these facts shows negligence on the part of the defendant, does the proof, as admitted to be true, show that the deceased was guilty of such contributory negligence as to deprive the plaintiff of the right to maintain this action? There was no city ordinance regulating the speed of trains running within the corporate limits. The duties imposed upon railroads by section 1144 of the Code were intended to protect persons or property rightly at or approaching public crossings of the road, or stopping-places for the trains, but have no application to places or conditions not within its provisions. In the case of the *Ensley Railway Co. v. Chewning*, 93 Ala. 24, it is said: "While a person intending to take a train, awaiting its arrival, should not be regarded as a trespasser, should he merely cross or inadvertently step on the track in the dark, at or about the usual stopping-place; plaintiff, having walked up the track beyond the limits of the usual stopping-place, to meet the train, and having knowingly and voluntarily stepped and stood on the cross-ties, where he was not invited, and had no right to be, must be regarded as a *quasi*-trespasser, or, as we have said, was guilty of negligence contributing to his own injury." In the case of the *Memphis & Charleston R. R. Co. v. Womack*, 84 Ala. 150, it was declared to be the settled doctrine in this State, supported by the great weight of authority in England and America, that ordinarily the right of way of a railroad company is its exclusive property; free and unobstructed use is essential to the transaction of the business of the company; mere acquiescence in the use of its right of way does not confer on the public a right to use it, nor create any obligation to look out for persons using it, other than the general duty to look-out for obstructions; and that it was not competent to introduce evidence of the custom of people to walk on the track.

When a railroad track runs through parts of a city, town or village which are thickly populated, and where the demands of trade and public intercourse necessitate the fre-

quent crossing of the track, it is the duty of those operating an engine along the track in such places to keep a look-out. This duty to keep a look-out for persons is not specially imposed by statute, but arises from the likelihood that in such places there are persons on the track, and the bounden duty to duly guard against inflicting death or injury in places and under circumstances where it is likely that injury may result unless care be observed. The duty arises when the circumstances exist which call for its exercise. The mere usage or custom of crossing the track at any particular place does not give rise to the duty to keep a look-out. The population and intercourse of a city, town or village must co-exist with the usage, to the extent that it is likely there are persons upon the track at the particular time or place. We do not think the track of a railroad can be converted into a road for ordinary travel, and one who undertakes to make such use of it becomes a trespasser. This we understand to be the extent of the rule declared in *M. & C. R. R. Co. v. Womack, supra,* and in accord with *Go. Pa. R. R. v. Blanton, Ib.* 154; and as thus qualified, the case of *S. & N. R. R. Co. v. Donovan,* 84 Ala. 146, is reaffirmed.

Under the evidence as it appears in the record, we do not doubt that, at the time Robert Meadows came to his death, he was a mere trespasser. The neighborhood where he was killed was sparsely settled, as much so as many country neighborhoods. The long cut into which he entered was not used, and could not be used, as a place for crossing the track. Its only use by the public was that of personal convenience for travel as a road, and was not at all necessary for this purpose. When the deceased entered this long, deep cut at night, to use it as a road in going home, he became a trespasser, and was, *per se,* guilty of contributory negligence. Such being the case, under the evidence as it appears in the record, the right of plaintiff to recover is narrowed down to the inquiry, whether the defendant was guilty of reckless, wanton negligence, or intentionally inflicted the injury. Did the defendant discover the danger of plaintiff's intestate in time to avoid the injury by the exercise of due care and exertion, and did it fail to exercise such due care? Such negligence must be shown, to overcome the defense of contributory negligence.

We deem it unnecessary to consider in detail the several assignments of error based upon the charges given and the refusal to charge as requested. The trial court evidently proceeded upon the idea, that the use of the railroad track

[Savannah & Western Railroad Co. v. Meadors.]

in a city or town as a road for travel was not a trespass, or that the law imposed upon the defendant the duty to keep a vigilant look-out even for trespassers upon its track, so long as it was inside the corporate limits, without regard to population and public intercourse and usage, and without regard to the fact that the deceased was using the track as a road for travel for his personal convenience, at a time and in a place where there was no likelihood that any one would be. This, we have seen, is not a proper construction of the law. The statute requires, in express language, that the engineer shall blow the whistle, or ring the bell, at short intervals, while moving within and passing through a city or town; and we hold this duty is co-extensive with the city or town, as we have explained. The mere failure to comply with these statutory requirements has never been held to constitute more than simple negligence.

Under our system of pleading, under a count for simple negligence, a recovery may be had upon proof of wanton negligence.

The first, second and fourth counts present a good cause of action. The negligence of the defendant is sufficiently averred in each of these counts.—*Mobile & Ohio R. R. Co. v. George,* 94 Ala. 199. Applying the rule, that the pleadings must be construed most strongly against the pleader, the third count is defective. It is averred that the injury occurred in a deep cut of the road. Although in a city, from the description of the place where the injury occurred, *prima facie* we would conclude from all that is stated in the pleadings that the deceased was there without invitation, and was a trespasser. When the pleadings show that plaintiff was a trespasser, he must aver more than simple negligence to authorize him to recover. The negligence must be wanton or reckless, or the injury intentional. The complaint contains no such averment.—*Ensley Railway Co. v. Chewning,* 93 Ala. 24

We have considered only the testimony of the plaintiff, because all the principles of law which govern the case are sufficiently raised by this evidence.

Reversed and remanded.