## CURTIS *v.* SOUTHERN RAILWAY COMPANY.

Under the ruling announced in *Central Railroad Company* v. *Rylee*, 87 *Ga.* 491 (13 S. E. 584), mere knowledge by a railroad company or its servants that pedestrians, without any public or private right of way, passed daily along its side-track, and were allowed to stand and go upon the side-track, would not amount to an express license to a pedestrian to stop on the side-track, at the end of a car standing thereon, for the purpose of obtaining shelter from rain, and would not render the railroad company liable for damages resulting from his death, caused by the backing of an engine and cars, without warning or keeping a lookout, on to the side-track and striking and putting in motion a number of cars standing on the side-track and causing them to run over him.

Argued January 13,—Decided May 16, 1908.

Action for damages. Before Judge Felton. Bibb superior court. January 31, 1907.

*M. G. Bayne* and *Glawson & Fowler,* for plaintiff.

*N. E. & W. A. Harris,* for defendant.

ATKINSON, J. In a suit against a railroad company for damages resulting from the death of her husband, caused by the alleged negligence of the agents and servants of the defendant in operating its cars and other machinery, the court dismissed the plaintiff's petition, upon demurrer; and error is assigned upon the ruling. As amended, the plaintiff's petition alleged, among other things, substantially the following: that the defendant had constructed a side-track leading to the brick-yard of one of its customers, which was used exclusively for the purpose of transporting bricks from the yards of the customer; that it was customary for people to pass up and down the siding, and the defendant allowed the plaintiff's husband to stand on and pass up and down the same; that there was a passway or path along the side-track, over which the public were allowed to pass daily; that the defendant knew of this custom, and, because of such use by the public, the plaintiff's husband had a license to be on the siding at the time he was killed; that on the day the injury was committed, a line of about 15 cars were standing on the side-track, and he was standing at the end of the line of cars for the purpose of keeping out of the rain, when a switch-engine of the defendant, with other cars, was backed on the siding, without giving any warning or notice or exercising any caution or keeping any lookout, and struck the standing cars, putting them in motion, and caused the last one to run over and kill her husband.

The allegations of the petition, construed most strongly against the pleader, affirmatively show that the husband of the plaintiff took refuge from a rain, on the railroad track at the opposite end of the cars from which the engine approached. It is contended that by reason of a custom of pedestrians to walk up and down the railroad track, along the path, and to stand upon the railroad track, the plaintiff's husband on this occasion had a license to stop on the track and to use the standing car as a shelter from the rain, and that the servants of the defendant, engaged in operating the train, were bound to anticipate his presence in that position; and that for a failure to discover his presence and avoid injury to him,

the defendant would be liable. The reasoning of Mr. Justice Simmons, in the third division of the opinion in the case of *Central Railroad Company* v. *Rylee,* 87 *Ga.* 491 (13 S. E. 584), requires a ruling to the contrary.

*Judgment affirmed. All the Justices concur.*