# Birmingham Southern Railway Company *v.* Fox.

## *Railway Crossing Accident.*

(Decided Feb. 26, 1910. Rehearing denied June 30, 1910.
52 South. 889.)

1. *Railroads; Crossing Accident; Evidence.*—Where the action was against a railroad for the death of plaintiff's intestate caused by being struck by one of defendant's engines, whether or not the bell was rung or the whistle was blown was admissible as part of the res gestae.

2. *Same; Evidence; Condition of Roadbed.*—While there is no duty on a railroad to furnish pedestrians, a good track to walk upon, yet where a person is killed by being struck by an engine, evidence as to the condition of the roadbed is admissible as descriptive of the locus in quo as tending to show whether the train was negligently handled, and to what degree, and also as bearing on whether or not the decedent was guilty of contributory negligence.

3. *Same; Evidence; Custom of Public to Use Part of the Roadbed.*—While the custom of the public to use the roadbed of a railroad, is not admissible to show a right in the public to be there on the track, yet in an action for damages, for the death of one on the track, such evidence becomes admissible on the issue of the wanton or willful negligence of defendant's agent in handling the train.

4. *Same; Injury to Persons on Track; Trespassers.*—One walking on a railroad track is a trespasser, unless at a place where the track runs along a highway or public street in such a way as to give the public an equal use of the same.

5. *Same; Liability for Injury.*—Where the servants in charge of the train are informed of the custom of the public to use a certain part of the roadbed, and, with such knowledge they wantonly or willfully injure a person. the railroad company become liable, although the person injured was at the time a trespasser on the track.

6. *Charge of Court; Directing Verdict.*—Where the evidence is sufficient to support a verdict for the plaintiff on one count in the complaint the affirmative charge is properly refused.

7. *Appeal and Error; Verdict; Conclusiveness.*—On appeal this court will not pass on the weight or sufficiency of evidence tending to show a wanton or willful injury, however incredible the evidence may seem.

APEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Cassie Fox as administratrix against the Birmingham Southern Railway Company for damages for the death of her intestate. Judgment for plaintiff and defendant appeals. Affirmed.

PERCY, BENNERS & BURR, for appellant. The court erred in allowing it to be shown in this case that the whistle was not blown nor the bell rung.—*N. C. & St. L. v. Harris,* 142 Ala. 252. The custom of a large number of people to use that track was not competent.—*Glass v. M. & C.* 94 Ala. 581. The court should have given the affirmative charge as to the 1st count.—*M. J. & K. C. R. R. Co. v. Smith,* 45 South. 57. The court erred in refusing charge 5.—4 Enc. of Evi. 18; *A. G. S. v. Frazer,* 93 Ala. 45. Logan was a trespasser.—*Hendricks v. Southern Ry. Co.,* 130 Ala. 211; *L. & N. v. Mitchell,* 134 Ala. 261; *M. & C. v. Womack,* 84 Ala. 150; *Glass v. M. & C. supra.* The case at bar cannot be distinguished from that of *Bryant v. Southern Ry.,* 137 Ala. 488. To the same effect are the cases of.—*L. & N. v. Christian Co.,* 150 Ala. 297; *Hilliker v. Bir. Ry.,* 100 Ala. 424; *N. C. & St. L. v. Harris, supra.*

BOWMAN, HARSH & BEDDOW, for appellee. It is a statutory duty to blow the whistle and ring the bell,

and a failure to do so may raise the inference of wantonness.—Secs. 6473, Code 1907; *L. & N. v. Webb,* 97 Ala. 308. It was competent to show the custom of the public to use the track at that place not for the purpose of showing the right to use it, but as showing knowledge on the part of employes of such use, and its consequent effect upon wantonness or willfulness charged against such servants.—*L. & N. v. Webb, supra; Haley v. K. C. M. & B.,* 113 Ala. 640; *A. G. S. v. Guest,* 34 South. 969. The.*Glass Case* referred to by appellant had no application. The court properly denied appellant the affirmative charge. There was no error in the refusal of the other charge.—11 Enc. P. & P. 288; *L. & N. v. Hubbard,* 148 Ala. 45.

MAYFIELD, J.—Appellee's intestate was killed by a train or locomotive engine of appellant's while he was walking along its track. Intestate, on seeing the approaching train and his danger, attempted to leave the track by climbing a steep bank of ashes or coke braize, which refuse matter is left from the manufacture of coke. This matter is loose like ashes or sand, and it slipped or slid in his attempt to climb it, causing intestate to fall or roll back on the track or near enough to be struck by some part of the engine and killed.

Whether or not the bell was rung or the whistle was blown, at about the time of the injury complained of, was a circumstance admissible in evidence, under the issues raised on the trial. Hence, there could be no error in allowing proof thereof. While the failure to do either, or both, would not alone render defendant liable, or excuse the defendant if otherwise liable, yet it was admissible, in connection with other evidence, to aid in making out plaintiff's case and probably the defendant's defense, or in rebutting it. Such evidence might have been shown to be a part of the res gestæ.

Evidence as to the condition of the track was also admissible, as a description of the locus in quo. While, of course, there was no duty on defendant to furnish intestate a good or safe track or right of way on which to walk, and no liability could possibly result from a failure to furnish, maintain, or keep such roadbed, track, or right of way, yet a description of the locus in quo, the scene of the accident or injury, was competent, as tending to show whether defendant's agents in charge of the train were guilty of negligence, and, if so, in what degree, and also whether intestate was guilty of negligence which proximately contributed to his death.

While evidence of a custom of the public to use the roadbed or track of a railroad at a certain point, as a footpath, is not admissible for the purpose of showing a right of the public to be there on the track, or to show that a person walking along the track of the railroad at such a point is not a trespasser by reason of such custom, because if a person walks along a railroad track he is a trespasser notwithstanding a custom or habit of the public to so walk along the track at such point, unless it be where the railroad is laid along a public street or highway which the public have equal right to travel or use, yet proof of such custom or habit of the public to so use a part of the railroad's track is admissible in evidence, in connection with other evidence, as tending to show wanton negligence or willful injury. That is to say, if the engineer, conductor, or other agents in charge of the train, knowing of this custom or habit of the public to so use a portion of the track, and knowing that people are constantly on the track at such point, and, with such knowledge, so operate the train as to wantonly or willfully injure persons so upon the track, the railroad company would be liable notwithstanding the person injured was at the very time a trespasser on the track.

It is true that it is said in *Glass's Case* 94 Ala. 586, 10 South. 215, that evidence of such custom or habit is not admissible; but what the writer evidently meant was that such evidence was not admissible for the purpose of showing that a person on the track, under such conditions, was a trespasser nevertheless. That is evident from the quotation which immediately precedes it, and from what the writer says immediately thereafter, in the same opinion. Such evidence is not admissible for the purpose of showing that the person on the track is not a trespasser—for he is notwithstanding the custom or habit still a trespasser—but it is competent and admissible, in connection with other evidence, to show wanton negligence or willful injury on the part of the engineer or person in control of the train while passing such point.—*Haley's Case,* 113 Ala. 640, 21 South. 357; *Guest's Case,* 136 Ala. 348, 34 South. 968; *Webb's Case* 97 Ala. 308, 12 South. 374; *Meador's Case,* 95 Ala. 137, 10 South. 141; *Martin's Case,* 117 Ala. 367, 23 South. 231; *Brown's Case,* 121 Ala. 221, 25 South. 609; *Lee's Case,* 92 Ala. 262, 9 South. 230; *Robbin's Case,* 124 Ala. 113, 27 South. 422, 82 Am. St. Rep. 153.

All counts of the complaint were eliminated by the general affirmative charge, except counts 1 and 5. Count 1 declared on wanton negligence, and count 5 on subsequent negligence.

There was evidence which, if believed, was sufficient to support the verdict of the jury as to the fifth count of the complaint, which charged subsequent negligence. It therefore follows that the court did not err in declining to give the general affirmative charge, as requested by the defendant, as to the fifth count.

There was evidence, also, from which the jury might infer wanton negligence or willful injury, on the part of the engineer, however incredible some of it may seem

[Miller-Brent Lumber Co. v. Douglas, et al.]

to the court (and we confess that some of it does so seem to us), but we cannot, on this appeal, pass upon the weight or sufficiency of such evidence.

Finding no reversible error, the judgment is affirmed. Affirmed. All the Justices concur.