# So. Ry. Co. *v.* Stewart.

*Death of Person on Track.*

(Decided December 21, 1912.   60 South. 927.)

1. *Railroads; Trespasers; Wanton Negligence; Population.*—Where a person is injured on a railroad track in a thickly populated district where many people are accustomed to walk on the track without objection on part of the railroad company, so that the presence of some one on the track was reasonably to be expected by the trainmen, evidence of such facts, is relevant, in the absence of proof of actual knowledge by the enginemen, and may be sufficient to show that the failure to give warning or to keep a lookout was wanton negligence, justifying an action by a trespasser.

2. *Same; Pleading.*—Where the pleadings fail to allege that plaintiff's intestate was usíng the track in the customary way at the time he was killed, he is not brought within the protection of the rule as to persons using the track in densely populated districts, although it be conceded that defendant's omission of lookout and signal while running a train at a high rate of speed was wanton negligence.

3. *Same; Intoxicated Persons.*—A person intoxicated trespassing on a railroad track, and lying down between the rails until killed, is not entitled to the protection of the rule relative to persons using the track in densely populated districts.

4. *Same; Customs; Evidence.*—Where one was killed on defend-
ant's tracks, the rule relative to densely populated districts and
customary use of the tracks, does not render evidence of the use of
a crossing fifty or sixty yards distant admissible, no matter to what
extent used.

Dowdell, C. J., dissents.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. Haralson.

Action by Adelaide E. Stewart, as administratrix
against the Southern Railway Company for damages
for the death of her intestate by being run over by a
train while lying down between the rails. Judgment
for plaintiff and defendant appeals. Reversed and re-
manded.

LAWRENCE E. BROWN, for appellant. The former
opinions in this case will be found reported in 153 Ala.
133 and 164 Ala. 171. Under these authorities the gen-
eral charge should have been given for the defendant.
Willful or wanton conduct on the part of the engineer
cannot be presumed under the circumstances shown in
this case.—*G. P. R. R. Co. v. Lee,* 92 Ala. 237; *M. J. &
K. C. R. R. Co. v. Smith,* 45 South. 56. The defendant
was a trespasser.—*M. & C. R. R. Co. v. Wormack,* 84
Ala. 150; *S. & W. R. R. Co. v. Meadows,* 95 Ala. 142.
Hence a diligent and vigilant lookout was not required.
—*B. R. L. & P. Co. v. Jones,* 153 Ala. 157; *Sou. Ry. Co.
v. Lee,* 143 Ala. 212; *Weatherly v. N. C. & St. L. Ry.,*
51 South. 950. Count 6 was subject to demurrer.—
*Duncan v. St. L. & S. F. R. R. Co.,* 152 Ala. 118;
*Montgomery v. A. G. S. R. R. Co.,* 97 Ala. 205; *S. & W.
R. R. Co. v. Meadows, supra.*

MILO MOODY and JOHN A. INZER, for appellee. The
following cases answer fully all the propositions assert-
ed in the assignments of error and brief of counsel

thereon and demonstrate that the judgment of the lower court should be in all things affirmed.—*A. G. S. R. R. Co. v. Guest*, 144 Ala. 373; *Central of Ga. Ry. Co. v. Partridge*, 136 Ala. 596; *Haley v. K. C. M. B. R. R. Co.*, 113 Ala. 642; *B'ham R., L. & P. Co. v. Jones*, 153 Ala. 157; *Highland Ave. Ry. Co. v. Robbins*, 124 Ala. 113.

SOMERVILLE, J.—This case is before us on appeal for the third time.—*Southern Ry. Co. v. Stewart, Adm'x*, 153 Ala. 133, 45 South. 51; s. c., 164 Ala. 171, 51 South. 324.

On the third trial the case went to the jury on a single count—the sixth—which is as follows: "The defendant on or about April 30, 1905, was engaged in operating a railroad in this county and running trains thereon for the transportation of passengers and freight; that near Fackler, in this county, said railroad crossed a road which was at the time and had been for a number of years prior thereto used by the public in crossing said railroad; that on or about said date plaintiff's intestate was killed by one of defendant's trains then and there being operated by the agents or servants of the defendant on said railroad within 50 or 60 feet of said road crossing. And plaintiff avers that the place where plaintiff's intestate was killed, and up to the time he was killed, had been constantly used by the public in traveling along said railroad and crossing the same at said road crossing; that this travel was so frequent and in such numbers of people that the agents or servants of the defendant operating said train knew at the time said train was run at said place persons were likely then and there to be in a position exposed to peril from approaching trains on or crossing said railroad; that, knowing this, the agents or

servants of defendant in charge of said train, in wanton disregard of the probable consequences of injury to persons likely to be on the track of said railroad at said time and place, wantonly ran said train at a high and dangerous rate of speed at said time and place without keeping a lookout, without any signal of approach, in consequence of which wanton conduct the said agent or servant ran said train on plaintiff's intestate and killed him." This count was evidently treated by the trial court as a wanton count. Defendant's demurrers challenge the sufficiency of its averments to show any duty resting upon defendant to keep a lookout for plaintiff's intestate. The trial court overruled these demurrers, and one important point presented for our decision is whether or not a railroad company in the ordinary operation of its trains in the open country is required to keep a lookout for persons using its track as a passageway for their private convenience, where such use is customary with people living in the neighborhood, and of such frequency that some one is likely to be on the track at the time its trains are passing, all of which is known to the railroad's servants in charge of its trains.

We have numerous decisions dealing more or less directly with the question stated, and, in view of the conflicting dicta to be found in some of the opinions, we deem it advisable to review the cases and to restate the principles that seem to be clearly settled.

(1) Railroad tracks are not public highways for general travel. They are private property, and no one can claim the right to be or remain upon them as a mere legal right.—*Tanner's Ex'r v. L. & N. R. R. Co.*, 60 Ala. 621, 635, 637.

(2) Where one walks on the track or right of way of a railroad company without invitation or license,

he is a trespasser, and assumes the peril of the position
in which he has voluntarily placed himself.—*M. & C. R.
R. Co. v. Womack,* 84 Ala. 149, 4 South. 618; *Ala., etc.,
Ry. Co. v. Godfrey,* 156 Ala. 202, 47 South. 185, 130
Am. St. Rep. 76. The railroad owes him no duty ex-
cept the exercise of reasonable care and diligence to
avoid injuring him as soon as his peril becomes appar-
ent.—*Haley v. K. C., etc., R. R. Co.,* 113 Ala. 640, 649,
21 South. 357. Such trespasser can recover only for
wanton or intentional injury by the railroad's servants;
and this wantonness, or intention to injure, can never
be imputed to him unless they actually know—not
merely ought to know—the perilous position of the per-
son on the track, and, with such knowledge, fail to re-
sort to every reasonable effort to avert the injury.—
*Glass v. M. & C. R. R. Co.,* 94 Ala. 581, 10 South. 215.

(3) In *Nave v. A. G. S. R. R. Co.,* 96 Ala. 264, 11
South. 391, the rule last stated is said to be qualified
by the rule stated in *Ga. Pac. Ry. Co. v. Lee,* 92 Ala.
271, 9 South. 230: "To run a train at a high rate of
speed, and without signals of approach, at a point
where the trainmen have reason to believe there are
persons in exposed positions on the track, as over an
unguarded crossing in a populous district or a city, or
where the public are wont to pass on the track with
such frequency and in such numbers, facts known to
those in charge of the train, as that they will be held
to a knowledge of the probable consequences of main-
taining great speed without warning, so as to impute
to them reckless indifference in respect thereto, as
would render their employer liable for injuries result-
ing therefrom, notwithstanding there was negligence
on the part of those injured, and no fault on the part
of the servants after seeing the danger." It would
seem that this was a misconception of the *Lee Case,*

for that case was dealing with an injury at a public
road crossing, and the language quoted was applica-
ble only to crossings, where persons might rightfully
be, and pointed the distinction between simple and wan-
ton negligence with respect to such places, where there
was a clear legal duty to persons lawfully using the
crossing. This apparent misconception of the lan-
guage of the *Lee Case* as being applicable to trespas-
sers walking along the track or right of way has been
consistently perpetuated in the later decisions of the
court; and the doctrines above quoted from the
*Womack* and *Glass Cases* must now be regarded as
qualified by these decisions.—*Haley v. Kansas City,
etc., R. R. Co.,* 113 Ala. 640, 21 South. 357; *A. G. S. R.
R. Co. v. Guest,* 136 Ala. 348, 34 South. 968; s. c., 144
Ala. 373, 39 South. 654; *Northern Ala. Ry. Co. v.
Counts,* 166 Ala. 550, 51 South. 938; *Birmingham
Southern Ry. Co. v. Fox,* 167 |Ala. 281, 52 South. 889;
*B. R., L. & P. Co. v. Jones,* 153 Ala. 157, 45 South. 177.
The principle of these cases is that where a person is
injured at a point on the railroad track or the right of
way adjacent thereto, in or very near a populous city,
town, or village, where the company has by silent ac-
quiescence permitted the free use of its way by the pub-
lic and this use is open, notorious, habitual, and long
continued by a large or considerable number of peo-
ple, so that at the time and place of the injury the pres-
ence of some one was likely and reasonably to be ex-
pected by the company's servants, then evidence of
these facts is relevant, and may be sufficient, to show
that the failure of the servants in charge of a train or
car to keep a lookout, or to give warning signals of
its approach, was wanton negligence, for the injurious
consequences of which even a trespasser may maintain
an action. Of course, the notoriety and duration of

the public use are important only as tending to charge the company's servants with knowledge of the conditions specified, in the absence of direct proof that they have actual knowledge. The rule on this subject is stated in *M. & C. R. R. Co. v. Martin*, 117 Ala. 367, 385, 23 South. 231.

The most thorough discussion of the general subject that has appeared in recent years will be found in the case of *Palmer v. Oregon S. L. R. Co.*, 34 Utah, 466, 98 Pac. 689, 16 Ann. Cas. 229, where many authorities are cited and reviewed. We omit any discussion of "crossing" cases such as *L. & N. R. R. Co. v. Webb*, 97 Ala. 308, 12 South. 374 (where many authorities on that subject are reviewed), since they have no bearing upon the present case. It is to be observed that, while some of the cases prescribe the duty of keeping a lookout for trespassers at points where they are known to habitually and constantly use the track or the adjacent space as a passageway, as attending the operation of trains in cities, towns, and villages, it has been expressly declared that the same rule applies to densely populated neighborhoods in the country.—*Haley v. K. C., etc., R. R. Co.*, 113 Ala. 640, 652, 21 South. 357; *H. A. & B. R. R. Co. v. Robbins*, 124 Ala. 113, 27 South. 422, 82 Am. St. Rep. 153.

If it be conceded that defendant's omission of lookout and signals while running this train at a high rate of speed, at the place and under the conditions alleged in the complaint, exhibited such wanton indifference to the safety of persons so using the track as a passageway as to make a case of wanton injury to the intestate if he was so using it, nevertheless it is not alleged either that he was crossing the track, or walking on it or using it in the customary way, at the time he was killed, and hence he is not brought within the protection of

the rule above discussed and stated	The complaint was therefore subject to the demurrers, the overruling of which was erroneous.

On the trial of the case, the evidence showed that the intestate, while more or less intoxicated, went upon the railroad track and walked along it for a considerable distance at about 10 o'clock in the morning, and finally lay down on the track between the rails, remaining in that posture until the train ran over and killed him. This happened at a point 50 or 60 yards from the road crossing referred to in the complaint. It is therefore perfectly clear on the undisputed evidence that whether or not defendant's servants were bound to anticipate the presence of pedestrians walking on the track at that point, and hence under the duty of discovering their presence and avoiding doing them injury, they were not bound to anticipate the presence of intestate lying prone between the rails, and were, therefore, under no duty to look out for and discover such presence, and under no duty to avoid injuring him, in the absence of actual and timely knowledge of his presence in that place of danger. In other words, plaintiff's right of recovery must be tested, not by the duty owed to the general public under the conditions named in the complaint, but only by the duty owed to her intestate under the wholly different conditions shown by the evidence.—*South. Ry. Co. v. Drake,* 166 Ala. 540, 545, 51 South. 996; *Ayers v. Wabash R. R. Co.,* 190 Mo. 228, 88 S. W. 608; *Caldwell v. H. & T. C. Ry. Co.,* 54 Tex. Civ. App. 399, 117 S. W. 488; *Curtis v. South. Ry. Co.,* 130 Ga. 675, 61 S. E. 539; *Penn. R. R. Co. v. Martin,* 111 Fed. 586, 49 C. C. A. 474, 55 L. R. A. 361, 363. From this it results that defendant was entitled to the general affirmative charge as requested by it in writing.

The case of *B. R., L. & P. Co. v. Fuqua,* 174 Ala. 631, 56 South. 579, is not in conflict with this conclusion. It was there held that "in respect to the duty of keeping a lookout for obstructions on the track the law recognizes no distinction between keeping a lookout for one prone, or one erect, upon the track. The duty of keeping a lookout is the same in either case." But this statement must be limited to the facts of that case, and the opinion expressly recites that the plaintiff's intestate was killed at the crossing of two public streets in the heart of the town of Elyton, while lying on defendant's street car track, which ran along and formed part of the street. On such a track it was the duty of the motorman to keep a lookout for all persons liable to be run over, no matter how they got on the track, and no matter what they were doing there, and the failure to do so would be simple or wanton negligence, according to the circumstances. We are unwilling to extend that rule of duty to cases such as this.

The intestate was not killed on the Minor crossing, and evidence as to the use of that crossing, no matter to what extent, and though it was near at hand, was entirely irrelevant, and the trial court erred in not excluding it.—*Carrington v. L. & N. R. R. Co.,* 88 Ala. 472, 477, 6 South. 910. With respect to the admissibility of evidence showing a custom on the part of the public, or of persons living in the neighborhood, to use the railroad way for longitudinal passage for their own convenience, without objection from the company, our decisions are manifestly not in harmony. The rule that such evidence is not admissible was declared without qualification in *M. & C. R. R. Co. v. Womack,* 84 Ala. 149, 4 South. 618, *Carrington v. L. & N. R. R. Co.,* 88 Ala. 472, 6 South. 910, and *Glass v. M. & C. R. R. Co.,* 94 Ala. 581, 10 South. 215. The general rule thus de-

clared has been qualified by later cases, and the set-tled rule now is that such evidence is admissible, "in connection with other evidence, to show wanton negli-gence or willful injury on the part of the engineer or person in control of the train while passing such point."—*Birmingham South. Ry. Co. v. Fox,* 167 Ala. 281, 52 South. 889; *Haley v. K. C., etc., R. R. Co.,* 113 Ala. 640, 21 South. 357; *South. Ry. Co. v. Forrister,* 158 Ala. 477, 48 South. 69. But it is still the law that the mere fact of a customary public use, standing alone, is not admissible. Such use must be frequent and by a large number of people, and must coexist with the proximity of a populous city or village.—*S. & W. R. R. Co. v. Meadows,* 95 Ala. 137, 143, 10 South. 141. The intestate was killed between the Minor road crossing —which was a neighborhood and not a public road crossing—and the railroad station of Fackler, at a point 50 or 60 yards from the crossing, and a mile or more from the station. Appellant makes the point that the evidence as to the populousness of the neighbor-hood, and the frequency of the public use is not suffi-cient, as a matter of law, to bring this case within the influence of the general rule above enunciated. We deem it unnecessary, however, at this time, to review the evidence for the purpose of determining that ques-tion. See *South. Ry. Co. v. Drake,* 166 Ala. 540, 546, 51 South. 996; *B. R., L. & P. Co. v. Jones,* 153 Ala. 157, 167, 45 South. 177; *Eppstein v. Mo. Pac. Ry. Co.,* 197 Mo. 720, 94 S. W. 967; *C. & O. Ry. Co. v. Nipp,* 125 Ky. 49, 100 S. W. 246; *Atchison, etc., R. R. Co. v. Baker,* 79 Kan. 183, 98 Pac. 804, 21 L. R. A. (N. S.) 427.

For the errors pointed out, the judgment will be re-versed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, MCCLELLAN, MAYFIELD, SAYRE, and DE GRAFFENRIED, JJ., concur.

DOWDELL, C. J., dissents in part.