(77 South. 917)

## LOUISVILLE & N. R. CO. v. GANTER.
### (8 Div. 518.)

(Court of Appeals of Alabama.   Jan. 15, 1918.)

1. RAILROADS ⬅→394(2) — INJURIES TO PERSONS ON TRACK—COMPLAINT—SUFFICIENCY.

A complaint, alleging that defendant railroad's servants while engaged in running an engine within the corporate limits of D., a populous city, negligently ran said engine upon plaintiff's intestate was demurrable; intestate being a trespasser.

2. RAILROADS ⬅→356(3) — INJURY TO PERSON ON TRACK—INSTRUCTIONS.

An instruction that if the public are admitted to a railroad track at a certain point and use it at will and it is continuously in use by the public for a long period, a person who is at that point cannot be said to be a trespasser was erroneous.

3. RAILROADS ⬅→367—PERSONS ON TRACK IN POPULOUS CITY—DUTY OF RAILROAD.

When a railroad track runs through a thickly populated part of a city where the demands of trade and public intercourse necessitate the frequent crossing on the tracks, it is the duty of those operating an engine along the track to keep a diligent lookout.

4. RAILROADS ⬅→355(1)—INJURY TO PERSONS ON TRACK—TRESPASSER.

One who makes use of a railroad as a road for ordinary travel is a trespasser.

5. APPEAL AND ERROR ⬅→994(2) — REASONABLENESS OF TESTIMONY — QUESTION FOR JURY.

The reasonableness of testimony as to wantonness and its credibility was for the jury and not for the court on appeal.

6. RAILROADS ⬅→369(3)—PERSONS ON TRACK IN POPULOUS CITY—DUTY OF RAILROAD.

Where the tracks of a railroad within a populous city have been used as a road for ordinary travel to the extent that it is likely that there are persons upon the track, the duty arises to keep a lookout and guard against wantonly or willfully inflicting death or injury on any one, including a trespasser.

7. APPEAL AND ERROR ⬅→1067—REFUSAL OF INSTRUCTION—HARMLESS ERROR.

Where plaintiff's intestate was under the facts of the case a trespasser, refusal to charge that one walking longitudinally along the track became a trespasser was error without injury.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Action by R. M. Ganter as administrator, against the Louisville & Nashville Railroad Company, for damages for the death of his intestate.   Judgment for plaintiff, and defendant appeals.   Reversed and remanded.

The pleadings sufficiently appear, as does the oral charge of the court.   The following are the assignments of error referred to:

(10) Affirmative charge as to count 5.
(11) Affirmative charge as to count 4.
(12) Affirmative charge as to count 3.
(13) The court erred in overruling objection of defendant to the following question to the witness Davidson: "State whether or not this switch track, and this walkway is frequented by pedestrians, or was it about September last, and afterwards?"
(14) Answer of witness: "Yes; I have seen a number of people going up and down the track at all hours of the day and night."
(15) Overruling objection to the following question: "Do you know what path they usually travel in going and coming from Second avenue to the business section of New Decatur?"
(16) Answer of witness: "They go in different ways.   I have seen them go up Moulton street, and up Grant street, and up this track in that direction; some go along the track."
(17) Overruling objection to the following question: "State whether people use or walk frequently along that switch track."
(18) Answer: "I met them along there every night."
(19) Overruling objection to the following question: "All times of day and night?"
(20) Answer: "Yes, sir."
(21) Overruling objection to the following question: "What part of the day do they travel, if you know?"
(22) Answer: "There is a beaten path between the two switch tracks they use; sometimes I have seen them between the tracks."
(23) Overruling objection to the following question: "You have seen them there?"
(24) Answer: "Yes, sir."
(25) Overruling objection to the following question: "They walk indiscriminately along that path?"
(26) Answer: "They walk generally on, the track, or between the tracks out next to the Payne Lumber Company, up by the mill, the general way."
(31) Overruling objection to the following question: "Do you know what direction those people travel going to and from Second avenue; what direction they traveled before September, 1916?"
(32) Answer: "All of them I see came right down the railroad."
(33) Refusing the following charge: "I charge you, gentlemen, that one who walked longitudinally along the tracks thereby becomes a trespasser."

Eyster & Eyster, of Albany, for appellant.
Tennis Tidwell, of Albany, for appellee.

SAMFORD, J.   [1] Count 1 was in the following language:

"Plaintiff, who sues as the administrator of the estate of John Ganter, deceased, claims of the defendant the sum of $3,000 as damages, in this:   The defendant was during the month of September, 1915, a railroad corporation, engaged in operating a railroad in Morgan county, Ala., and in connection therewith it operated a certain switch track, which deflected from the main line of said railroad in said county and state, near its depot in the city of Decatur, Ala., which said switch track proceeded in a direction towards the east and towards the Tennessee river, and upon which switch track cars, drawn by engines attached thereto, and engines alone were propelled by means of steam; that on or about, to wit, the night of the 8th day of September, 1915, the defendant's agents or servants, while engaged in running an engine upon, along, and over said switch track, and within the corporate limits of the populous city of New Decatur, in Morgan county, Ala., negligently ran said engine upon and against plaintiff's intestate, and as a proximate consequence thereof injuries were inflicted upon him, from which he died."

Count 2 was in the same language, except that there was added the allegation · that "one or more cars" were attached to the engine.   To these counts demurrers were interposed.   There is a line of decisions in this state which hold that recovery may be had for subsequent negligence on a count similar to the above, but on the authority of Southern Ry. v. Smith, 163 Ala. 174–182, 50

South. 390; Gadsden & Attalla Ry. v. Julian, 133 Ala. 371, 32 South. 135; Southern Ry. v. Bush, 122 Ala. 481, 26 South. 168; N. C. & St. L. Ry. v. Harris, 142 Ala. 249, 37 South. 794, 110 Am. St. Rep. 29; Southern Ry. v. Forrister, 158 Ala. 477, 48 South. 69; Southern Ry. Co. v. Stewart, 179 Ala. 304, 60 South. 927, we hold that counts 1 and 2 were subject to the demurrer, and the court erred in refusing to sustain them. The ruling on the demurrers to counts 1 and 2 renders a consideration of assignments of error 3, 4, 5, and 6 unnecessary, as they all pertain to charges applicable to those counts.

[2-4] The court in its general charge said: "If the public are admitted to a railroad track at a certain place or point, and use it at will, and it is continuously in use by the public for a long period, to wit, several years, a person who is at that point cannot be said to be a trespasser."

Exception was reserved to this part of the court's charge. The rule is, when a railroad track runs through a thickly populated part of a city or town or village, where the demands of trade and public intercourse necessitate the frequent crossing on the tracks, it is the duty of those operating the engine along the track to keep a diligent lookout for persons who may be on it, because the duty arises from the particular facts and circumstances which make it probable that persons are on the track, and that they may be injured unless due care is observed, and the duty only arises when the two facts coexist: (1) A custom or usage of crossing the track at that place; and (2) the demands of trade and intercourse justifying it. But the track of a railroad cannot be converted into a road for ordinary travel, and one who undertakes to make use of it as such is a trespasser. S. & W. R. R. Co. v. Meadors, 95 Ala. 137, 10 South. 141; Southern Railway Co. v. Stewart, 179 Ala. 304, 60 South. 927. This part of the court's charge was in conflict with the foregoing rule, and is therefore error.

Under the evidence in this case, the court did not err in refusing to give the general charge as to the fifth count, claiming for subsequent negligence. It was a question for the jury, under the evidence, and was properly left to them.

[5] We have carefully considered the evidence as applied to assignments 10, 11, and 12. There was, under our decisions, testimony sufficient to require the submission of the question of wantonness to the jury. The reasonableness of this testimony and its credibility must be passed on by the jury and not by this court; and, as the case must be reversed, we abstain from a discussion of it, lest our argument might be used on the next trial of this case.

[6] Assignments 13 to 26, inclusive: The track of a railroad cannot be converted into a road for ordinary travel, and one who un-

dertakes to make use of it as such becomes a trespasser. Savannah & Western R. R. v. Meadors, supra. But where the population of a city, town, or village coexist with the usage, to the extent that it is likely that there are persons upon the track at the time or place, the duty arises to keep a lookout, and to duly guard against wantonly or willfully inflicting death or injury, even to trespassers. S. & W. R. R. Co. v. Meadors, supra; Southern Ry. Co. v. Stewart, 179 Ala. 304, 60 South. 927.

[7] Assignments 31, 32, and 33: From what has been said, it necessarily follows that, under the facts in this case, the plaintiff's intestate was a trespasser at the time he was killed, and hence the refusal to give charges made the basis for these assignments was error without injury.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.