ISBELL v. NORTHERN ALABAMA RY. CO.
(8 Div. 815.)

(Supreme Court of Alabama.   Nov. 12, 1925.)

1. Trial ⊂⊃145—Giving of general affirmative charge in favor of defendant as to counts not sustained by evidence was proper.

In action for death of plaintiff's intestate, killed by defendant's train, giving of general affirmative charge in favor of defendant as to those counts which were not sustained by the evidence was proper.

2. Railroads ⊂⊃400(15)—Giving of general affirmative charge in favor of defendant railroad company on wanton count held proper.

In action for death of plaintiff's intestate, killed in the nighttime, apparently between 12 and 12:30 o'clock, at a point other than a railroad crossing, the giving of a general affirmative charge in favor of defendant under the wanton count held proper, where plaintiff produced no evidence that at that time of night the place where deceased was killed was frequented, prior to accident, for a long-continued time, by a large or considerable number of people.

3. Appeal and error ⊂⊃1056(6)—Exclusion of testimony, if erroneous, held harmless.

In action for death of plaintiff's intestate, killed in the nighttime, when struck by defendant's train, at a point other than a railroad crossing, exclusion of testimony under the wanton count, as to the use of the track on the day of the injury, if erroneous as tending prob-

ably to show acquiescence of company by silence in use of track by public prior to injury of deceased, *held* harmless, where plaintiff failed to make necessary proof under the wanton count, and the testimony excluded in no way aided him therein.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Action for damages by C. C. Isbell, as administrator, against the Northern Alabama Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

J. Foy Guin, of Russellville, for appellant.

A person walking along a path, on a track which the public has been accustomed to use as a footpath, is not a trespasser. N., C. & St. L. v. Vincent, 190 Ala. 91, 66 So. 697. Evidence of the use of the track by the public for foot travel was legal evidence, and its exclusion was reversible error. St. L. & S. F. v. Dennis, 212 Ala. App. 590, 103 So. 894; Grauer v. A. G. S. R. Co., 209 Ala. 568, 96 So. 915; Nor. Ala. v. Guttery, 189 Ala. 604, 66 So. 580; Sou. Ry. v. Stewart, 179 Ala. 304, 60 So. 927; Birmingham Sou. v. Fox, 167 Ala. 281, 52 So. 889; Highland Ave., etc., Co. v. Robbins, 124 Ala. 113, 27 So. 422, 82 Am. St. Rep. 153; M. & C. v. Martin, 117 Ala. 367, 23 So. 231; Haley v. K. C., M. & B., 113 Ala. 640, 21 So. 357. Whether or not the evidence was sufficient to show constant use of the track by the public, whether this was known to the trainmen, and whether or not with such knowledge they omitted a precaution which would probably result in injury, was for the jury to determine. St. L. & St. F. v. Dennis, supra; L. & N. v. Turney, 183 Ala. 398, 62 So. 885; Sou. Ry. v. Stewart, supra. The plaintiff having shown that the death of deceased was caused by defendant's train, the burden of proof was on defendant to acquit itself of negligence. Code 1923, §§ 9952, 9953; L. & N. v. Turney, supra.

Bankhead & Bankhead, of Jasper, and Key & Key and Williams & Chenault, all of Russellville, for appellee.

The evidence for plaintiff failed to show actionable negligence, and the affirmative charge for defendant was properly given. Sou. Ry. v. Drake, 166 Ala. 540, 51 So. 996; Bickerstaff v. I. C. R. Co., 210 Ala. 280, 97 So. 842; Nor. Ala. R. Co. v. Henson, 210 Ala. 356, 98 So. 18; Sou. Ry. v. Stewart, 179 Ala. 304, 60 So. 927. In order to charge defendant with knowledge or notice of the frequency of travel on the track, the plaintiff must show that at the time of night at which the injury occurred people traveled the track in such numbers and with such frequency as to be notice sufficient to charge defendant with wantonness in failing to keep a lookout. L. & N. v. Heidtmueller, 206 Ala. 29, 89 So. 191; Carlisle v. A. G. S. Ry. 166 Ala. 591, 52

So. 343; Payne v. Roy, 206 Ala. 432, 90 So. 605; Grauer v. A. G. S. R. Co., 209 Ala. 568, 96 So. 917; Snider v. A. G. S. R. Co., 210 Ala. 121, 97 So. 209.

MILLER, J. This is a suit by C. C. Isbell, as administrator of the estate of Jesse J. Isbell, deceased, against the Northern Alabama Railway, a corporation, for damages for the death of his intestate. There was judgment for the defendant, based on a verdict of the jury in its favor, and this appeal is prosecuted by the plaintiff from that judgment.

The decedent, Jesse J. Isbell, was found dead between the rails of the main track of the defendant early on the morning of July 1, 1924, in or near Littleville; his arm being cut off, his head injured, his body bruised, and his clothes torn. There were indications that his body had been dragged along the track from 50 to 100 yards from the south to the north. There was a side track and a main track where his body was found, and it was found 30 to 40 feet south of a whistle board for a road crossing on the north. The main track was east of the side track, and a wagon road was west of the side track at this point where deceased is alleged to have been killed. There was a curve in the track about 300 feet north, and also a curve in the track about 1400 to 1700 feet south, of the place where the body was found. The track was practically straight between the two curves. The watch of deceased stopped running at 12:23. A freight train of defendant passed there between 12 and 12:30 a. m. July 1, 1924. It was running about 25 miles an hour on a downgrade of 2½ per cent. The train was going north, and could not have been stopped in less than 1600 feet on that grade at that speed.

After the evidence closed, the defendant moved "to exclude all the evidence of witnesses introduced by plaintiff as to the testimony of the use of the track on the day of the injury, June 30, 1924," on the ground it did not specify and did not limit the answers to the time of the accident, and because it was illegal, irrelevant, and immaterial. The court granted the motion. The defendant then requested in writing the general affirmative charge, with hypothesis in its favor, which was given by the court. These were the only errors assigned and argued by the appellant.

There are three counts in the complaint: Count 1 charges the defendant negligently caused or allowed the train to run upon the deceased, killing him in consequence thereof. Count 2 charges the defendant's servant or agent in charge and control of the train became aware of the peril of the decedent on its track, and then afterwards, with such knowledge of his perilous position, negligently caused or allowed the train to run upon the intestate, killing him, which could have

been prevented by the servant or agent of the defendant, who was operating and controlling and in charge of the train, exercising due care, skill, and diligence.

[1] It is not insisted that there was evidence to sustain either of these counts. There is no evidence indicating the defendant or its servant or agent, who had control and was operating this train, ever saw the decedent on that night. It is clear from the evidence that the defendant or its servant or agent did not know or hear of his injury and death until several hours after he was killed. So as to these counts numbered 1 and 2 there was no error committed by the court in giving that general affirmative charge. McMillan v. Aiken, 205 Ala. 35, headnotes 9, 10, 11, 88 So. 135.

[2] Count 3 was a wanton count. It charged defendant's servant or agent in charge or control of the train, while acting within the line and scope of his authority as such servant or agent, wantonly and wrongfully caused the train to run upon and kill plaintiff's intestate. We find the following rule stated in Memphis & Charleston R. Co. v. Martin, 117 Ala. 385, 23 So. 238:

"The rule is that, if the jury should find from the evidence that people crossed so frequently and in such numbers (facts known to those in charge of the train) that it was likely or probable that at the time some person would be on the track, then the jury would be authorized to find that the conduct of the defendant's servants was wanton and with reckless indifference to consequences."

It was referred to and approved in Southern Ry. Co. v. Stewart, 179 Ala. 309, 60 So. 927, and in St. L. & S. F. Ry. Co. v. Dennis, 212 Ala. 590, 103 So. 894.

It was competent and necessary in this cause, under this wanton count for plaintiff, to introduce testimony tending to show that decedent was killed on the track of defendant by one of its trains; that at that time and prior thereto the point at which the injury occurred was in or near a populous town or village; that defendant, then and prior thereto, had, by silent acquiescence, permitted the free use of its way by the public at the place where decedent was injured and killed, and this use of the way was open, notorious, habitual, and long continued, prior to the injury, by a large or considerable number of people; the time of the day or night, or both, it was so used by a large or considerable number of people; and that its way, where and when the injury occurred, was so used, prior thereto, at that place, and at that time of night, for a long-continued time, by a large or considerable number of people.

The rule is thus stated in Southern Ry. Co. v. Stewart, 179 Ala. 309, 60 So. 927:

"The principle of these cases is that, where a person is injured at a point on the railroad track or the right of way adjacent thereto, in or very near a populous city, town, or village, where the company has by silent acquiescence permitted the free use of its way by the public, and this use is open, notorious, habitual, and long continued by a large or considerable number of people, so that at the time and place of the injury the presence of some one was likely and reasonably to be expected by the company's servants, then evidence of these facts is relevant, and may be sufficient, to show that the failure of the servants in charge of a train or car to keep a lookout, or to give warning signals of its approach, was wanton negligence, for the injurious consequences of which even a trespasser may maintain an action. Of course, the notoriety and duration of the public use are important only as tending to charge the company's servants with knowledge of the conditions specified, in the absence of direct proof that they have actual knowledge. The rule on this subject is stated in M. & C. R. Co. v. Martin, 117 Ala. 367, 385, 23 So. 231."

It is evident that this court, in L. & N. R. Co. v. Heidtmuller, 206 Ala. 29, 89 So. 191, intended to and did hold it was necessary in such causes for the plaintiff under a wanton count to introduce evidence tending to show this way of defendant, where decedent was injured and killed, was used frequently or habitually, prior to his injury, by a large or considerable number of people, at that time of night, between 12 and 12:30, the time defendant was killed. This court in the Heidtmuller Case wrote:

"At any rate, there is no satisfactory proof that the point of the accident was frequented by school children between 3:14 and 3:45 in the afternoon; but, if the evidence did show this fact, there is nothing whatever to show that this engineer, Jesse, was ever along there at this particular hour on former runs, or had the slightest knowledge that the track was a passageway for children generally, and with frequency between 3:14 and 3:45 in the afternoon."

This is supported by Payne, Director, v. Roy, 206 Ala. 432, headnote 1, 90 So. 605. The principle is also sustained in Carlisle v. A. G. S. R. Co., 166 Ala. 591, 52 So. 341, and it is there held that the burden of making this proof rested on the plaintiff under a wanton count. This court in that case wrote:

"In our judgment there was no evidence which would have supported a finding of either wantonness or intentional wrong. The evidence was wholly inadequate to show that frequent use of the track at that hour of the night which would warrant a finding that there existed in fact conditions which rendered it more than ordinarily dangerous to operate trains at that point."

The plaintiff fails to meet this burden by making this proof. There is no evidence tending to show that at that time of night, between 12 and 12:30 o'clock, and at that place, on its right of way, where and when decedent was injured, it was frequented prior

to the accident or injury for a long-continued time by a large or considerable number of people. It results that the court did not err in giving the general affirmative charge in favor of the defendant, which it requested in writing. Payne, Director, etc., v. Roy, 206 Ala. 432, headnote 1, 90 So. 605, and authorities supra.

[3] It is true the court may have erred, which we do not decide, in excluding the testimony "as to the use of the track on the day of the injury June 30, 1924"; as it tended probably, in a slight degree, to show the acquiescence of the defendant, by silence, of the use of the track by the public prior to the injury of deceased; but this exclusion of that testimony could avail the plaintiff nothing in this cause, as he failed to make the necessary proof noted herein, and this testimony so excluded in no way aided him therein.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.